## PEOPLE *v.* JAMES CORBETT.

TRIAL IN CRIMINAL CASE WITHOUT ARRAIGNMENT.—A verdict in a criminal case where there has been no arraignment nor plea is a nullity, and no valid judgment can be rendered thereon.

WAIVER OF ARRAIGNMENT AND PLEA.—The defendant in a criminal case does not waive an arraignment and plea by submitting to a trial, introducing witnesses on his behalf, and allowing the case to be argued on his behalf to the jury.

APPEAL from the County Court, City and County of San Francisco.

The People appealed from an order of the County Court granting a new trial.

The other facts are stated in the opinion of the Court.

*J. G. McCullough, Attorney-General,* for the People.

The State was put to the proof of the whole offense. (Wood's Digest, p. 293, Secs. 303, 304; *People* v. *Thompson,* 4 Cal. 241.)

At common law the defendant might waive an arraignment, and it is hard to see under the liberal provisions of our statute why the formal plea may not also be waived. (See especially on Waiver, 1 Bish. Crim. Law, §672 *a,* and authorities.) The decision in 3 Wisconsin was doubtless made on common law principles. But sections two hundred forty-seven and six hundred one of our Criminal Practice Act provide that no defect or imperfection in matters of form that does not tend to the prejudice of the defendant shall in any manner affect the trial, judgment, or other proceedings, and that no departure from the form or mode prescribed by the Act in respect to any pleadings or proceedings, and no error or mistake therein shall render the same invalid, unless it have prejudiced or tended to prejudice the defendant in respect to a substantial right. Now, what substantial right of the defendant was affected? If he had formally pleaded, he could not have obtained any greater latitude than he did in his defense.

*Wm. M. Zabriskie,* for Respondent.

By the Court, SHAFTER, J.

The respondent was tried and convicted of the crime of grand larceny. A new trial was awarded on the ground that the defendant had never been arraigned, and had never pleaded, nor had an opportunity to plead to the indictment.

42

According to the record : ."The defendant being present in Court (December 31st, 1864,) *Thomas Bestop, Esq.,* appearing for the District Attorney, the defendant was called by name by the Clerk, for arraignment; when the defendant was informed that he was indicted for the crime of grand larceny, under the name of James Corbett, and was asked if that was his real name, to which he answered, yes; when the said James Corbett stated that he was not then prepared to plead, owing to the absence of his counsel, Mr. Zabriskie; and the Court thereupon suggested to the defendant that he could plead not guilty, and if his counsel desired at any time before the trial to withdraw the plea, he would be allowed to do so; and the said James Corbett still asked for further time to plead; whereupon his case was continued until January 4th, 1865." It seems to be admitted that nothing was done on that day, and that the trial was the next step taken in the course of the proceedings. The trial occurred on the 16th of January. It appears that the defendant when brought into Court, accompanied by his counsel, moved for a separate trial, the indictment being against the defendant and two others. The motion was granted. Thereupon a jury was impanelled. Witnesses were introduced by the defendant. The case was argued by his counsel, and the jury, having been charged by the Court, after deliberation, returned a verdict of guilty.

On this statement there was manifestly no arraignment. The indictment was not read to the defendant; a copy of it, with the indorsements, was neither delivered nor tendered to him; nor was he either then, or thereafter, asked whether he. would plead guilty or not guilty to the indictment. (Wood's Dig. p. 291, Sec. 272.) If the defendant had at any time, anterior to the trial, plead not guilty, the defects in the arraignment, or rather the omission to arraign, might have been cured, on the ground of waiver. But neither the motion of defendant for a separate trial, nor the introduction of witnesses by him, nor the fact that the case was argued on his behalf to the jury—nor did all of them combined—cure the want of a plea. There was not only no arraignment, but over

and beyond that, there was no issue for the jury to try. Not only did the defendant not plead, but inasmuch as the statute opportunity for pleading was never extended to him he was never under any obligation to plead. A verdict, in a criminal case, where there has been neither arraignment nor plea, is a nullity, and no valid judgment can be rendered thereon. (*Douglass* v. *State*, 3 Wisconsin, 830 ; 1 Whar. Sec. 530.) And so is a verdict rendered upon a plea put in by the attorney of a party indicted for a felonious assault with intent to rob. (*McQuillen* v. *State*, 8 S. & M. 587.)

Section six hundred one of the Criminal Practice Act does not extend to the case of a verdict where there is a plea but no indictment, nor does it reach the case of a verdict where there is an indictment but no plea. Where either of the two are wanting, it is as fatal as though both were wanting. The presence of both is essential to an issue, and where there is no issue an oath administered to the jury would impose no obligation, nor would false swearing on the part of witnesses amount to perjury. That a trial so conducted " would tend to prejudice the defendant in respect to a substantial right " (Criminal Practice Act, Sec. 601) is too plain for argument.

Order affirmed.