## JACK STACEY *v*. THE STATE.

1. PRACTICE — RECORD OF PLEA. — The Code is mandatory, not merely directory, in requiring that a defendant's plea of not guilty shall be entered of record, and that, if he stands mute, the plea of not guilty shall be entered of record for him; and the transcript brought to this court must affirmatively show the entry of the plea, else the conviction must be set aside.

2. SAME. — The statute contemplates, and it is the correct practice, to make upon the minutes a distinct entry of the plea; but in ordinary felonies, not capital, the purposes of the requirement are subserved by the customary recital of the plea in the judgment entry.

APPEAL from the District Court of Hunt. Tried below before the Hon. G. J. CLARK.

The charge was resisting the sheriff in the execution of a warrant of arrest. The verdict was guilty, and assessed two years in the penitentiary against the appellant.

*E. W. Terhune* and *Upthegrove & Cushman*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J.   Our statute provides that in all criminal trials, "if the defendant answer that he is not guilty, the same *shall be entered upon the minutes of the court;* if he refuses to answer, the plea of not guilty *shall in like manner be entered.*" Pasc. Dig., art. 2942. Again, our statute further provides that "the plea of not guilty shall be made orally, and noted upon the minutes of the court." Pasc. Dig., art. 2965.

These statutes are mandatory; the plea must be entered, and not only entered, but be affirmatively shown in the record on appeal. We have searched the record before us in vain for any such plea, or, in fact, for any plea of any character made by or for the defendant. Ordinarily, in felony cases where both an arraignment and plea are not supposed to be necessary, the practice seems to have become uniform, in this state, to incorporate the plea as one of the recitals in the judgment; and no doubt such recital would subserve the purposes of the law, though the statute, as above quoted, would seem to require, and the better practice doubtless would be, to make the entry of the plea a separate and distinct act.

Without a plea there is no issue for the jury to try. "A verdict in a criminal case where there has been neither an

arraignment nor plea is a nullity, and no valid judgment can be rendered thereon." *Early* v. *The State*, 1 Texas Ct. App. 248, citing *The People* v. *Corbett*, 28 Cal. 328, and *The People* v. *Lightner*, 40 Cal. 226.

For the reason that the record in this case does not show that the defendant ever pleaded to the indictment, nor that, having refused to plead, the plea of not guilty was entered for him, the judgment of the lower court must be reversed and the cause remanded.

*Reversed and remanded.*