[No. 10,293.]
## THE PEOPLE *v.* GAINES.

ARRAIGNMENT AND PLEA OF DEFENDANT. —If, on an appeal in a criminal case, the record fails to show that the defendant was arraigned and pleaded to the indictment, the Court will assume that there was no arraignment or plea.

THERE MUST BE A PLEA TO THE INDICTMENT. — Until the defendant has pleaded to the indictment there is no issue to be submitted to the jury, and the omission to plead is fatal to the judgment, even after verdict.

APPEAL from the County Court, County of Los Angeles.

Indictment for assault with intent to commit murder. The defendant was convicted and appealed. The other facts are stated in the opinion.

*Stephen M. White* and *Hartman & Haley,* for the Appellant, argued that the judgment was erroneous, as there was no plea.

*Jo Hamilton,* Attorney-General, for the People.

By the COURT:

The record before us fails to show that the defendant was arraigned, or pleaded to the indictment ; nor is there any suggestion by the Attorney-General of a diminution of the record, though his attention was called to that subject at the argument. The transcript on appeal purports to contain copies of all the entries found in the minutes of the Court, and the Clerk certifies that it is a correct transcript of the indictment, and of " all entries on the minutes of said Court regarding or pertaining to this cause, and of the whole thereof." We must assume, therefore, for the purposes of this decision, that the record and minutes of the Court fail to show that the defendant was arraigned or pleaded to the indictment.

Sec. 1017 of the Penal Code provides that " every plea must be oral and *entered upon the minutes of the Court* in substantially the following form," etc. ; and sec. 1207 provides that " a copy of the minutes of the trial " shall constitute a part of the judgment-roll. In the absence of any showing to the contrary, it must be presumed that the minutes of the Clerk were correctly kept; but if they were not, they could only be corrected, if at all, by some appropriate proceeding in the Court below. On appeal, we must consider the minutes as we find them in the transcript, and cannot indulge the presumption that proceedings occurred at the trial which ought to have been, but were not, entered in the minutes. In order to ascertain whether the defendant was arraigned and pleaded to the indictment, we can look only to the record before us ; and if we find there no evi-

dence of the fact, we must assume that it does not exist.  In *Douglass v. The State*, 3 Wis. 820, the Court said :

" The record in this case fails to show any issue which the jury was called upon to try.  It is the business and duty of the prosecuting officer of the Government to move, on the trial of criminal cases, and see that the proper issue be made up.  *  * A plea, an issue is absolutely essential.  Nor can we supply an issue corresponding to the verdict when the record is entirely silent on the subject.  It would be a dangerous precedent to hold that the Court could here supply an issue after verdict, or that the defendant had waived his right to a trial of an issue in which he himself had joined, when nothing appears in the record to show that he had expressly waived such right."

" Until the defendant had pleaded to the indictment, there was no issue to be submitted to a jury, and the omission to plead is fatal to the judgment, even after verdict.  ( *State* v. *Saunders*, 53 Mo. 321 ; *State* v. *Montgomery*, 63 Ibid. 296.)

Judgment and order reversed, and cause remanded.