[No. 21042.   Department One.—April 19, 1894.]

# THE PEOPLE, RESPONDENT, *v.* JOSEPH P. MONA-GHAN, APPELLANT.

CRIMINAL LAW— PLEADING.—Where a plea of not guilty in a criminal case is withdrawn, and a demurrer interposed to the indictment, which was overruled, and time granted to the defendant to plead, a trial and conviction of the defendant without a new plea cannot be sustained.

ID.—GRANTING OF TIME TO PLEAD—PRESUMPTIONS.—The granting of time to plead after the demurrer was overruled must be presumed to have been upon the application of the defendant, and raises a presumption that he was not then prepared to plead not guilty, and rebuts a presumption that it was understood that the original plea of not guilty was then to stand as his plea.

ID.—JUDGMENT UPON DECLINING TO PLEAD.—The provision of section 1011 of the Penal Code for a judgment where the defendant declines to plead, after his demurrer is disallowed, cannot support the legality of a trial and judgment entered upon a verdict without a plea.

ID.—DECLINING TO PLEAD MUST BE ACTUAL.—Judgment cannot be pronounced against the defendant under section 1011 of the Penal Code, unless he in fact declines to plead after his demurrer is overruled, and cannot be rendered upon mere omission to plead.

ID.—WAIVER OF PLEA—TRIAL WITHOUT OBJECTION.—The absolute requirement of the law that the accused must plead personally to the indictment on arraignment cannot be cured by the fact that he was brought into court and tried without objection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Lawrence Kip, John A. McKenna,* and *Kip & Massey,* for Appellant.

There was no plea entered and no issue joined, and therefore nothing for the jury to try, and the trial was a nullity. (See *People* v. *Gaines,* 52 Cal. 480; *Jackson* v. *State,* 91 Ala. 57; 24 Am. St. Rep. 860; *State* v. *Hunter,* 43 La. Ann. 157; *Bowen* v. *State,* 108 Ind. 411; *Hicks* v. *State,* 111 Ind. 402; *State* v. *Geiger,* 45 Mo. App. 111; *Grigg* v. *People,* 31 Mich. 471; *Territory* v. *Brash,* 32 Pac. Rep. 260; *Yundt* v. *People,* 65 Ill. 372.)

*Attorney General W. H. H. Hart,* and *Dunne & Mc-Pike,* for Respondent.

The court should treat the original plea of not guilty as having been withdrawn for the purpose of the demurrer only, and that, upon the overruling of the demurrer, the original plea was restored. (*People* v. *Bradner,* 107 N. Y. 9.)

TEMPLE, C.—Appellant was indicted by the grand jury of the city and county of San Francisco for the crime of obtaining money by false pretenses.

The record shows that defendant was duly arraigned July 23, 1892, and plead not guilty, and was allowed until July 30th to withdraw the plea.

July 30th of the same year the plea was withdrawn and a demurrer to the indictment entered and time allowed to file briefs. The record shows that the demurrers were finally submitted, and December 28, 1892, it was ordered that the demurrer be overruled, and the cause continued to December 31, 1892, for defendant to plead.

The record does not show that any thing was done in the case on December 31st, but April 8th the cause was continued by consent to April 15th.

No appearance is noted for April 15th, but on May 23d there is an entry in the clerk's minutes (after title of court and cause), in these words: " May 23d for trial." May 23d the defendant and his counsel were in court, and the trial commenced. A jury was impaneled, the indictment read to the jury, and a statement made to the jury by the clerk that a plea of not guilty had been entered.

The trial then proceeded in due order, no objection being made on the ground that defendant had not plead to the indictment, but the defendant was tried in all respects as though the plea of not guilty had been entered. Evidence upon such supposed issue was put in both by the people and by the defendant. Whether the defendant asked for instructions does not appear, but his coun-

sel made an argument in his behalf to the jury.    The jury returned the verdict:

" We, the jury, find the defendant guilty as charged in the indictment, and fix the value of the property obtained by the defendant to be one thousand ($1,000) dollars."

When the time arrived for passing judgment defendant's counsel objected, because defendant had not been legally convicted, and the court could not make to the defendant the statements required by section 1200 of the Penal Code, to wit: his plea.

The defendant then made a motion in arrest of judgment, which was overruled, and a motion for new trial, which was denied.

The sole question raised on this appeal relates to the legality of the trial and conviction of the defendant without a plea.    The people do not controvert the main proposition that a plea is necessary before there can be a trial.    Until there is an issue there is nothing to try. Blackstone tells us (4 Blackstone's Commentaries, 325) the great pains which were taken to compel a defendant to plead and the terrible consequences which sometimes resulted from his standing mute.    Wherever the common law prevails criminal procedures have carefully provided for the arraignment of accused persons, that they shall be fully informed of the charge against them, and of their right to plead.    Some formalities are enjoined upon criminal courts, partly to have record evidence that there has been a fair trial, and partly to make it sure that an accused person has not been deprived of a substantial right through caprice or negligence of the judge or prosecuting officer.    (See Pen. Code, secs. 987 et seq., 1066, 1200.)

The action of the trial court is defended here on three grounds:

1. It is said that as the plea of not guilty was withdrawn to enable the defendant to demur to the indictment, it was naturally understood that when the defendant had had the benefit of his demurrer, and

that had proven unavailing, the plea of not guilty would then stand as defendant's plea.

*People* v. *Bradner*, 107 N. Y. 9, is cited as authority for this proposition. It is not claimed that any such understanding was expressed at the time by any one; but it is claimed that such understanding naturally results from the situation. But, unfortunately for this argument, the record conclusively rebuts such presumption if it could otherwise have been indulged, for it shows that upon the overruling of the demurrer time was given to defendant to plead. Presumptively this was upon the application of the defendant, and it shows that no one could have understood that there was already a plea of not guilty in the record. And I think it raises a presumption that defendant was not then prepared to plead not guilty. There were at least three other defensive pleas open to him.

2. It is said that, upon the overruling of the demurrer, the defendant might elect to plead or might decline to plead. If he declined to plead, judgment would go against him without further trial. (Pen. Code, sec. 1011.)

If the fact be conceded, as assumed in this position, that after the demurrer the defendant declined to plead, such fact would not tend to prove the legality of the trial and judgment entered upon the verdict. An issue could not be made upon a refusal to plead, unless the court formally entered a plea for the defendant on the ground of his refusal to plead.

But how can it be said that defendant declined to plead? Apparently he asked time to do so, and a time was appointed for that purpose. The record does not show that he was then or at any other time allowed the opportunity. Certainly judgment could not be pronounced upon him under section 1011 of the Penal Code, unless he had in fact declined to plead after his demurrer was overruled.

3. The argument is, although such point is not expressly made, that by going to trial without objection,

by putting in evidence and arguing the case to the jury, the defendant has had the benefit of a plea of not guilty, has waived its formal entry, has shown his intention to rest upon such an issue, and, having had the benefit of it, is not prejudiced by the fact that it was not formally entered. As is sometimes held in civil cases, when all parties have gone to trial without objection, as though a certain issue were made in the pleadings, and had every advantage at the trial which they could have had if the issue had been made by proper pleadings, they cannot afterwards claim that there was error in that no such issue was made by the pleadings.

This position is inconsistent with the admission that a plea is necessary; for the argument would be just as persuasive had the defendant never been arraigned at all. It has been decided by this court. (*People* v. *Corbett*, 28 Cal. 328; *People* v. *Gaines*, 52 Cal. 479.) It has been decided over and over again in numerous cases, all holding against respondent. (Bishop on Criminal Procedure, sec. 733, and cases.)

In Missouri the question seems to have been often considered, and it is held that defendant cannot waive the plea, and, going to trial on the merits without objection, is not equivalent to a plea. In *State* v. *Saunders*, 53 Mo. 234, the plea was entered after trial, *nunc pro tunc*. It was held that this could not be done. The plea *must* precede the trial. In *State* v. *Weber*, 22 Mo. 321, after the jury had been sworn, it was discovered that no plea had been entered. The defendant was then arraigned and plead, and the jury was resworn. This proceeding was sustained on the ground that the trial was after the plea. (See, also, *State* v. *Montgomery*, 63 Mo. 296; *State* v. *West*, 84 Mo. 440.) In *State* v. *Hunter*, 43 La. Ann. 157, it is said: "The absolute requirement of the law that the accused must plead personally to the indictment on arraignment cannot be cured by the fact that he was brought into court and tried without objection."

No authority has been cited to the contrary, and I

think none can be found. That the defendant has been afforded an opportunity to plead is one of the facts in the process of the conviction of a criminal which our law, in its regard for life and liberty, requires to be expressly shown, and I believe that is one reason why it is made a fact which the judge must state to the convict before pronouncing judgment. The judge would not state it as a fact unless it were so, and he must so state to make it certain that it is a fact.

I advise that the judgment and order be reversed, and a new trial had.

Belcher, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed, and a new trial granted.

Harrison, J., Paterson, J., Garoutte, J.