## THE PEOPLE v. AGRAIT.

### APPEAL from the District Court of Arecibo.

#### No. 73.—Decided December 5, 1905.

NEW TRIAL—DISCOVERY OF NEW EVIDENCE—STATEMENT OF FACTS—BILL OF EX-
CEPTIONS.—Where a transcript of record presented on appeal does not con-
tain a bill of exceptions or statement of facts setting forth the evidence in-
troduced at the trial, the appellate court is unable to determine whether a
motion praying for a new trial on the ground of newly discovered evidence
was or was not properly denied.

APPEAL—INFORMATION—ARRAIGNMENT.—In order that a defendant may pray for
the reversal of a judgment on the ground that he was not properly arraigned
and that he was not required to answer to the information before submitting
to trial, it is necessary that it should appear from the record that these
grounds exist, and where the transcript is incomplete it will be presumed
that all the proceedings had were according to law.

ID.—WHAT DOCUMENTS CONSTITUTE THE RECORD IN A CASE.—The transcript of the
record on appeal should contain a copy of all the proceedings referred to in
section 326 of the Code of Criminal Procedure, and such copies constitute the
record.

ID.—CASES IN WHICH THE TRANSCRIPT OF THE RECORD IS INCOMPLETE—DUTIES OF
APPELLANT.—Although the secretary of the district court is obliged to for-
ward to the Supreme Court a transcript of all records, however, it is the duty
of an appellant to cause a transcript of the record, which is perfect and com-
plete in every respect, to be presented to the appellate court; and if this is
not done he may pray the Supreme Court to order the secretary of the inferior
court to forward a certified copy of the whole or a part of the records, as the
case may be, or the appellant may present the same without the necessity of
such an order.

ID.—JUDGMENT.—A judgment is not null and void merely because it fails to state
what was the crime with which the defendant was charged, it being sufficient
if, considered in connection with the information, there is no doubt that he
was charged, prosecuted, and convicted of the crime with which he was accused
in the information, and of which the trial court had jurisdiction.

ID.—ERRORS WHICH DO NOT PREJUDICE THE SUBSTANTIAL RIGHTS OF THE
ACCUSED.—The Supreme Court will refuse to consider in the decision of an
appeal errors of law committed by the inferior court which do not tend to
prejudice the substantial rights of the accused.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a prosecution for a violation of the Election Law. The defendant was a judge of elections at Precinct No. 13-B of the electoral district of Arecibo. An information was presented against him on the 5th of May, 1905, charging that when an elector, Juan Pedro Sanchez, presented himself with his ballot doubled up in order that he might deposit it in the ballot box, the said Tomas Agrait Delgado illegally and fraudulently declared that the ballot had been shown to some one, and snatched it from the hand of the elector, and tore it to pieces, and the presiding judge immediately ordered the policeman to remove the elector from the polls, thus illegally preventing him from casting his ballot. On this information the defendant was tried before the court, without a jury, and convicted; and on the 29th of June, 1905, he was sentenced to one year and six months' imprisonment in the penitentiary, at hard labor, and to the payment of all costs of the prosecution, and after having given a $2,000 bond he took an appeal to this court.

Cayetano Coll y Cuchi, esq., appeared as his counsel and made an oral argument in this court, presenting three points on which he claims a reversal:

1. The first point is that a new trial should have been granted to the defendant on the ground of newly-discovered evidence. This matter is disposed of satisfactorily by Hon. Jose R. F. Savage, the district judge, in an opinion rendered by him, overruling the motion for a new trial.

The nine affidavits which accompany the motion for a new trial tend to establish two propositions. One is that the voting places at Precinct Nos. 13-A and 13-B were both situated in the same building and that persons in one could see what was going on in the other. The second is that the prosecuting witness, Juan Pedro Sanchez, after the trial stated to certain persons that he had been induced to prosecute the defendant for political reasons. This statement was not made under oath, but in casual conversation between friends.

There is no bill of exceptions or statement of facts contained in the record, nor is there any other means of determining what was the evidence introduced on the trial. Judge Savage, in his opinion, says that the affidavits, in so far as they refer to the situation of the polling places, were entirely cumulative, and that the situation was fully described by the witnesses who testified on the trial; and that nothing which was stated in the affidavits could have varied the testimony as presented to the court. In so far as the affidavits appealed to the motion for a new trial go to contradict the prosecuting witness, they only show statement made by him not under oath contradictory to those which were made by him during the trial and under the sanction of his oath, and hence were not considered by the trial judge as sufficient to warrant the granting of a new trial.

Under the circumstances of this case, and in default of a copy of the evidence introduced on the trial, and considered by the court, we cannot see that his discretion in refusing the motion for a new trial was not properly exercised. From all that is shown by the record the motion for a new trial was properly overruled.

2. The second point made by counsel is that defendant was not arraigned, nor was he required to plead to the information before going to trial. The cases cited by him of *The People* v. *Gains,* 52 Cal., 479; *The People* v. *Corbett,* 28 Cal., 328; and *Crain* v. *U. S.,* 162 U. S., 625, all go to sustain this proposition, where it is shown that there was no arraignment; but this must affirmatively appear from the record in the case. It does not so appear in the record presented here. The certificate of the secretary of the district court states that in the case referred to, among other documents are found the following, giving the documents of which copies were sent to this court. From this certificate we must presume that all the documents used on

the trial were not contained in the record as presented here. In other words, the certificate does not show that this is a complete record. It does not contain the four parts which are mentioned in section 326 of the Code of Criminal Procedure, as constituting a record of the action. It is the duty of the appellant, when he comes to this court complaining of a judgment rendered against him, to file herein a perfect record, or at least so much of it as is necessary for the presentation of his case. This, under section 356, is required to be made out by the secretary and transmitted to the secretary of this court. If the secretary fails in this duty, either the *fiscal* or the attorney for the appellant can move the court, under rule 62, for an order that the secretary of the district court certify to this court the whole or any part of the record which may be required, or he may produce the same duly certified without such an order. This was not done in the case at bar, and hence the present record is not brought within the purview of the cases cited. Where the record does not purport to be complete, this court must presume that everything was done by the trial court which the law required.

3. The third point made by defendant's counsel is that the sentence is vague and indefinite, because it merely states that the defendant was convicted of an offense against the Election Law. It is not necessary that the judgment should set out all the particulars which go to constitute an offense. Under section 319 of the Code of Criminal Procedure it is provided that if no sufficient cause is alleged or appears to the court why the judgment should not be pronounced, it must thereupon be rendered. This section corresponds with section 1202 of the Penal Code of California. In California it has been held, in construing this section, that a judgment is not void because it does not state the offense of which the person was convicted if it shows that he was indicted for some offense, and tried and convicted, and that the sentence

passed on him was one which the court had jurisdiction to pronounce for some offense for which he might have been convicted under the indictment. (*Gibson ex parte,* 31 Cal., 620.)

The judgment in this case, when taken in connection with the information, which is also a part of the record, does not leave it doubtful of what crime the defendant was convicted, and it is allowable to refer from one to the other for the purpose of making plain what may be considered obscure. So we must hold this objection also to be ineffectual.

In fact it is merely necessary to refer to an act relating to the reversal of judgments in criminal cases by this court, passed by the Legislature of Porto Rico, and approved on the 30th of May, 1904, which provides that:

"Whenever it appears from the record in any criminal case upon appeal in the Supreme Court that any requirement of the law has been disregarded by the trial court, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of either of the parties and was duly excepted to in the trial court."

The first and third error complained of certainly cannot be held to have injured the rights of the defendant, for the reasons heretofore stated, and the existence of the second error does not sufficiently appear from the record presented here.

Taking these matters into proper consideration, we must hold that in the absence of any fundamental error apparent from the record, the judgment of the district court should be in all things affirmed.

*Affirmed.*

Chief Justice Quiñones, and Justices Hernandez, Figueras, and Wolf concurred.