[No. 21087.   Department Two.—August 11, 1894.]

THE PEOPLE, RESPONDENT, *v.* WILLIAM H. MOORE, APPELLANT.

CRIMINAL LAW—CRIME AGAINST NATURE—INFORMATION.—The averment in an information charging the commission of the crime against nature "in and upon the person" of an individual named by Christian name and surname, sufficiently states that it was committed with a human being as distinguished from an animal.

ID.—VENUE OF OFFENSE—COMMISSION OF CRIME UPON CAR.—When the crime against nature is alleged to have been committed upon a car in a specified county, it sufficiently shows the jurisdiction of the offense in that county, regardless of whether the jurisdiction would be in any county through which the car passed in the course of its trip, under section 783 of the Penal Code.

ID.—TRIAL—FAILURE TO INFORM DEFENDANT OF RIGHT OF CHALLENGE.—Where a defendant accused of crime is not represented by counsel, and the record does not show that he exercised the right of challenge, it is prejudicial error for the court not to inform him before a juror is called that if he intends to challenge an individual juror he must do so when the juror appears, and before he is sworn.

ID.—AMENDMENT OF MINUTES AFTER APPEAL—QUERY. — Whether the court can amend its minutes which constitute part of the judgment-roll after an appeal is taken, *quære?*

ID.—INSUFFICIENT AMENDMENT—CONVERSATION ABOUT JURORS.—When the record is amended by showing a statement of conversation about the jurors not substantially complying with section 1066 of the Penal Code, it cannot prevent a reversal of its judgment for failure to instruct the defendant about his right of challenge.

APPEAL from a judgment of the Superior Court of Kern County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*William Fitzgerald,* for Appellant.

The information does not state facts constituting a public offense as it fails to allege or charge that the offense was committed with man, woman, animal, or fowl. (Pen. Code, sec. 286.) The court had no jurisdiction, as the allegation that the offense was committed upon a car was not a sufficient allegation. (Pen. Code, sec. 788; *People* v. *Dougherty,* 7 Cal. 395.) The court erred in not informing the defendant of his right to challenge individual jurors. (Pen. Code, sec. 1066; *People* v. *Mortier,* 58 Cal. 262, 266; *People* v. *O'Brien,* 88 Cal. 488.)

*Attorney General W. H. H. Hart,* and *Deputy Attorney General William H. Layson,* for Respondent.

It was not necessary for the information to charge that the crime was committed against a human being. (*People* v. *Williams,* 59 Cal. 397.) The allegation that the crime was committed on a car passing through Kern county was sufficient averment of venue. (*People* v. *Dougherty,* 7 Cal. 397.)

McFARLAND, J.—Appellant was convicted of the crime against nature, and was sentenced to suffer the very severe penalty of imprisonment in the state prison for the term of forty-one years. He appeals from the judgment.

The appellant had no counsel in the court below; con-

sequently there is no statement or bill of exceptions before us, and, of course, no evidence. Afterwards counsel took an appeal for appellant, and is compelled to rely upon the judgment-roll, or what is called in section 1207 of the Penal Code a "record of the action." This includes only the indictment or information, a copy of the minutes of the plea or demurrer, a copy of the minutes of the trial, the instructions given or refused, and a copy of the judgment. The offense charged in this case is in its nature coarse and detestable; but it is an offense easily charged and difficult to disprove; it affords great facility for a false accusation, made for the purpose of revenge and injury; and usually its proof depends mainly upon the testimony of an accomplice. These considerations, and the very severe penalty imposed, induce us to look closely into the only record which appellant's counsel on the appeal could bring here.

We are disposed to think that the objections to the sufficiency of the information are not good. The averment that the alleged crime was committed "in and upon the *person* of Carl Kohler" sufficiently states that it was committed with a human being, as distinguished from an animal. We think, also, that the jurisdiction of the case in Kern county sufficiently appears from the face of the information. The crime is alleged to have been committed on a car; and whether or not the information would be good under section 783 of the Penal Code, upon the theory that the jurisdiction was in any county through which the car passed in the course of its trip, we think that it sufficiently avers the offense to have been committed in Kern county. Appellant objects to the instructions of the court upon the subject of reasonable doubt; but considering them all together, they are not erroneous.

We think, however, that under the circumstances of this particular case the judgment should be reversed for the failure of the court to inform the appellant of his rights as provided in section 1066 of the Penal Code.

That section is as follows: "Before a juror is called the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so when the juror appears, and before he is sworn." In all the decisions of this court which have been called to our attention where this section of the code was under review it has been held that a failure to comply with it is error; although in those decisions the failure was held not to be prejudicial, because in each case the defendant had been represented by counsel competent to protect his rights, and the right of challenge had been exercised. In *People* v. *Mortier*, 58 Cal. 266, the court, speaking of the provision of the code, say: "The object of this provision of the law is to protect the rights of the defendant in the matter of challenging jurors. He should be informed of the fact that if he desires to challenge any particular juror he must exercise that right before the juror is sworn; but it appears from the record in the case that the defendant's rights in this respect were fully understood by him *and his counsel*, and the privilege of challenging jurors was exercised to a large extent in the case. It is true that the court omitted a duty imposed by law, but it clearly appears that the defendant was not in any manner prejudiced by *the error complained of.*" In *People* v. *O'Brien*, 88 Cal. 489, the above language was quoted approvingly, the court holding also that under the facts in that case the error was not prejudicial. (See, also, *People* v. *Ellsworth*, 92 Cal. 594.) But the facts in the case at bar are materially different from those in the cases above noticed. Here the appellant had no counsel in the trial court, and did not exercise the right of challenge. There is nothing in the record to show that he was not prejudiced by the failure of the court to give the information required by the statute to be given—nothing which enables us to avoid the general presumption that the error is prejudicial. (See *People* v. *Gaines*, 52 Cal. 479.) The general rule, that every one is presumed to know the law, cannot be successfully invoked in a criminal case against a statute

which provides that the defendant must be specially instructed as to what the law is on a particular point.

The minutes of the court of the date of May 22, 1893, contained on pages 3, 4, and 5 of the transcript, show what was done at the trial from the calling of the cause to the return of the verdict—all occurring on said May 22d. Commencing on page 12 of the transcript there is some printed matter, without date; in which there is a statement that on May 22d there were certain conversations between the court, the counsel for the people, and the defendant about the jurors. Following this, on page 14, there is matter which shows that there was a session of the court on December 30, 1893—more than seven months after the trial, and after the appeal had been taken—at which certain minutes of the trial were ordered corrected; and, so far as it can be ascertained from the transcript, the said statement commencing on page 12 was ordered to be made *nunc pro tunc* at the said session of December 30th. This statement is relied on by respondent as showing that appellant was sufficiently informed of his right to challenge the jurors. While courts have a wide latitude in amending their records, it is extremely doubtful if a court can in a criminal case amend minutes which constitute part of a judgment-roll after an appeal has been taken, and without notice. To do so would be at least the exercise of a very dangerous power. But assuming that it can be rightfully done, we do not think that the statement in question at all shows a substantial compliance with the requirement of said section 1066 of the code.

The judgment is reversed and a new trial ordered.

Fitzgerald, J., and De Haven, J., concurred.