[Crim. No. 1542. In Bank.—November 8, 1909.]

THE PEOPLE, Respondent, v. J. H. RUSSELL, Appellant.

CRIMINAL LAW—UTTERING CHECK WITH INTENT TO DEFRAUD—VARIANCE—CORPORATE CHARACTER OF PAYEE.—There is no material variance on the face of an information for uttering a check with intent to defraud, between an allegation that the check was made and uttered "with intent to defraud Lesser Bros. Co. (a corporation)," and a copy of the check set forth *in hæc verba,* which showed that it was payable to the order of "Lesser Bros. Co.," with no mention of its corporate character, although there was no allegation elsewhere that the "Lesser Bros. Co." mentioned in the check is the corporation before mentioned.

ID.—SUFFICIENCY OF INFORMATION—SPECIAL DEMURRER.—Such information sufficiently alleges the corporate character of the party intended to be defrauded, in the absence of a special objection on that ground in the demurrer.

ID.—UNCERTAINTY—PERSON TO WHOM CHECK WAS DELIVERED.—Any uncertainty in such information, due to its failure to specify the person to whom the check was delivered or attempted to be delivered, cannot be taken advantage of on an appeal from a judgment of conviction, in the absence of a demurrer specifically raising the question of such uncertainty, especially where the demurrer did specifically state other matters as to which uncertainty was claimed.

ID.—CONSTRUCTION OF INFORMATION.—Such information stated a public offense. The allegation that the defendant "uttered" the check, taken in connection with its other allegations, means that with intent to defraud Lesser Bros. Co., a corporation, he asserted by words or actions to another that the check was good for what it called for, and attempted to pass the same as such a valid check.

ID.—CONTINUANCE OF TRIAL—INDEFINITE ABSENCE OF COUNSEL.—The trial court is not required to indefinitely wait for the return of defendant's counsel who is otherwise engaged before proceeding with the trial of a criminal case.

ID.—DENIAL OF CONTINUANCE—DISCRETION OF TRIAL COURT—DEFENDANT APPEARING FOR HIMSELF.—Where at the time such case is called for trial, the defendant's counsel is engaged in the trial of another case outside of the state, it is not an abuse of discretion for the court to proceed with the trial, at which the defendant conducted his own defense, if the defendant made no request for a postponement in order to procure other counsel, and declined to avail himself of the offer of the court to appoint counsel for him, and gave no intimation that he was not ready to proceed with the trial in any other respect, except that he wished to get a deposition from a witness in the East, whose whereabouts was absolutely unknown, and so far as appeared never would be ascertained.

ID.—DEPOSITION OF WITNESS WHOSE WHEREABOUTS IS UNKNOWN.—It is not an abuse of discretion to refuse to continue the trial of a criminal case to enable the defendant to obtain the deposition of an alleged witness as to whose whereabouts nobody had any knowledge, and concerning whom there was no apparent probability that any knowledge would ever be obtained.

ID.—KNOWLEDGE OF CORPORATE CHARACTER OF PAYEE.—It is immaterial whether the defendant, at the time he drew the check, knew that the party he intended to defraud was a corporation.

ID.—PRESUMPTION OF REGULARITY OF TRIAL COURT'S ACTION—NOTIFICATION AS TO CHALLENGE OF JURORS.—Where an appellant alleges error it is incumbent upon him to show it affirmatively, and the appellate court will not presume that a trial judge failed to do what the law required him to do, but, in the absence of a showing to the contrary, will presume that he did what he was directed by statute to do. This rule is applicable to the trial of a criminal case, in which the defendant appeared in his own behalf, and in accord-

ance therewith it will be presumed, in the absence of any showing on the subject either in the minutes of the court or the bill of exceptions, that the trial court complied with the provisions of section 1066 of the Penal Code, and before a juror was called, notified the defendant that if he intended to challenge an individual juror he must do so when the juror appears and before he is sworn.

ID.—MINUTES OF COURT—FAILURE TO SHOW ACTION OF TRIAL COURT.— There is no statutory requirement making it essential that the matter covered by section 1066 of the Penal Code should be entered in the minutes of the court, and in the absence of such requirement, the failure of the minutes to indicate action by the trial court does not afford any evidence of the failure of the court to comply with the requirements of the section.

ID.—SECTION 476A OF PENAL CODE IS CONSTITUTIONAL—SPECIAL LEGISLATION.—Section 476a of the Penal Code is not unconstitutional in that it is special legislation. It applies to the whole class of persons who draw and utter checks or drafts with intent to defraud, on a bank, banker, or depositary for the payment of money, and a defendant, guilty of its violation, cannot complain because persons who draw drafts or checks upon persons other than those named are not made subject to its provisions.

APPEAL from a judgment of the Superior Court of Alameda County and from an order refusing a new trial. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, and Carroll Cook, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, for Respondent.

ANGELLOTTI, J.—The defendant was convicted upon an information the charging part of which was as follows: "The said J. H. Russell prior to the time of filing this information and on the 22nd day of June, A. D., 1907, at the said county of Alameda, state of California, did then and there willfully, unlawfully, knowingly, fraudulently, feloniously and with intent to defraud Lesser Bros. Co. (a corporation), make, draw and utter a certain check and draft on a bank and depositary, to wit: the Union Trust Company of San Francisco, for the payment of money, which said check and draft was and is in words and figures following, to wit:

San Francisco, June 22, 1907.   No. 11.
"Union Trust Company of San Francisco
    "Pay to the order of Lesser Bros. Co. $20.00.
        "Twenty..........Dollars.
"Clearing House No. 16.                J. H. Russell."
"Whereas in truth and in fact the said J. H. Russell then and there at the time he made, drew and uttered said check and draft, as aforesaid, did not have sufficient funds in, nor any funds at all, nor sufficient credit with, nor any credit at all with said Union Trust Company of San Francisco, to meet such check and draft as aforesaid, in full, or at all, upon its presentation.   And he, the said J. H. Russell, then and there well knew at the time he made, drew and uttered said check and draft, as aforesaid, that he, the said J. H. Russell, did not have sufficient funds in, nor at all, nor sufficient credit with, nor any credit at all, with said Union Trust Company of San Francisco, to meet such check and draft, as aforesaid, in full or at all upon its presentation."

He appeals from the judgment pronounced on such conviction and an order denying his motion for a new trial.

The offense charged in the information is defined by section 476a of the Penal Code as follows:  "Every person who, willfully, with intent to defraud, makes or draws, or utters, or delivers to another person any check or draft on a bank, banker or depositary for the payment of money, knowing at the time of such making, drawing, uttering or delivery, that he has not sufficient funds in or credit with such bank, banker or depositary to meet such check or draft in full upon its presentation, is punishable by imprisonment in the state prison for not less than one year nor more than fourteen years. The word 'credit' as used herein shall be construed to be an arrangement or understanding with the bank or depositary for the payment of such check or draft."

1. There is no force whatever in the claim that the information was in any way substantially defective.

Defendant strenuously urges that there is a material variance on the face of the information, in that the allegation is that the check was made and uttered "with intent to defraud Lesser Bros. Co., (a corporation)," while the check set forth in the information showed that it was payable to the order of "Lesser Bros. Co." simply, with no mention of its corporate

character, and that there is no allegation elsewhere that the "Lesser Bros. Co." mentioned in the check is the corporation before mentioned. It is objected that for this reason, the information was not certain and definite enough to enable a person of common understanding to know what was intended to be charged in this regard, an intent to defraud Lesser Bros. Co., a corporation, or some other Lesser Bros. Co. This objection appears to us to be unworthy of discussion. The allegation is positive and unequivocal that the check was made and uttered with intent to .defraud "Lesser Bros. Co., a corporation," and there is nothing in the check with which the offense is alleged to have been committed inconsistent with this allegation, or detracting from its force in the slightest degree. It certainly cannot be claimed with any show of reason that the check as set forth was not "available to accomplish the fraud intended," which defendant's counsel insists must be shown by the information.

It is claimed that the information is defective in that it does not allege that Lesser Bros. Co. is a corporation. This point was not specially made in the demurrer, the demurrer in fact proceeding upon the theory that it was so alleged, and that herein was the variance between the allegation and the check. Assuming such an allegation to be essential to a proper description of the party intended to be defrauded, it was sufficiently made in the information, at least in the absence of special objection on that ground in the demurrer. There can be no doubt that defendant was clearly apprised by the information of the corporate character of the party whom he was alleged to have intended to defraud. (See *Crocker-Woolworth Bank* v. *Carle,* 133 Cal. 409, 411, [65 Pac. 951].) It is claimed that the information fails to state a public offense, in that while it alleges that defendant did make, draw, and utter a check, it does not specify the person to whom the check was delivered or attempted to be delivered. The argument of the defendant in this behalf goes rather to the question of uncertainty in the information than to its failure to state a public offense, and the point that it was uncertain in this regard was not specially made by demurrer. We are satisfied that the uncertainty was not of such a nature that it can be taken advantage of upon appeal in the absence of a specification in the demurrer, especially where the demurrer did specifically

state the matters as to which he claimed uncertainty. (*People* v. *Bradbury,* 155 Cal. 808, [103 Pac. 215].) The information clearly stated a public offense. The allegation that he *uttered* the check, taken in connection with the other allegations, means that with intent to defraud Lesser Bros. Co., a corporation, he asserted by words or actions to another that the check was good for what it called for, and attempted to pass the same as such a valid check. (See *People* v. *Tomlinson,* 35 Cal. 503, 509; *People* v. *Compton,* 123 Cal. 403, 410, [56 Pac. 44].)

What we have said disposes in effect of all the contentions made against the information.

2. It is claimed that the trial court erred in refusing to grant a continuance upon the application of defendant. On October 29, 1907, the case was set for trial on December 30, 1907, the defendant personally requesting that it be set for some time in December. At the time so fixed the case was called. Defendant said he was not ready for trial because his attorney was not present, but was in Seattle, where he had been trying a case for some weeks. This attorney had represented defendant up to this point. No continuance had previously been requested, or any intimation made that one would be asked by defendant, and a jury was present for the trial, as well as the prosecution and its witnesses. There was nothing, according to the showing made, to warrant the assumption that the case would not be tried at the time set. The trial court was not required to indefinitely wait for the return of defendant's counsel before proceeding with the trial. We can conceive of such a showing in regard to the inability of counsel selected by a defendant to be present as would make it an abuse of discretion for a court to refuse to wait a reasonable time for such counsel, but such a showing was not made here, either at the time of the application for a continuance or subsequently on motion for new trial, where the affidavits in that regard were carefully prepared by counsel. There was no request on the part of defendant that he be given time to obtain other counsel, and no intimation on his part that he was not ready to proceed with the trial in any other respect, except that he wished to get a deposition from a witness in the East, whose whereabouts was absolutely unknown and so far as appeared never would be ascertained.

The trial court stated to the defendant that he would appoint counsel for him, but defendant practically declined to avail himself of this offer, insisting that his original attorney should be present, and he subsequently conducted his own defense. Defendant would have had counsel designated to assist him in his defense if he had availed himself of the offer of the court, and doubtless if counsel so designated had found a reasonable continuance necessary to enable a proper presentation of defendant's cause, the trial court would have granted it. Defendant cannot now complain that he was not represented by counsel, that fact being due entirely to the further fact that he declined to accept the offer of the court in regard thereto. Of course, there was nothing in the claim that a continuance should be granted to enable defendant to obtain the deposition of an alleged witness as to whose whereabouts nobody had any knowledge, and concerning whom there was no apparent probability that any knowledge would ever be obtained. An application for a continuance in a criminal case is a matter in which much is left to the discretion of the trial court, and it cannot be here held that there was any abuse of that discretion.

3. There was no variance between the charge in the information and proof, and the evidence was sufficient to sustain the verdict. The testimony given was sufficient to warrant the jury in finding that defendant intended to defraud "Lesser Bros. Co." According to the evidence he himself drew the check payable to "Lesser Bros. Co.," in their place of business, and there delivered it to Mr. Lesser in return for twenty dollars. Whether he in fact knew that the party so named was a corporation was immaterial. He intended to defraud that party, whether it was a corporation or not. The evidence was also sufficient to warrant the jury in concluding that the defendant knew that he had no funds in or credit with the Union Trust Company to meet the check upon its presentation. There was also sufficient proof to support a conclusion that Lesser Bros. Co. was a corporation.

4. An examination of the record fails to disclose that there was any error in the matter of the cross-examination of the defendant as a witness, or in the instructions given by the court to the jury, or that there was any abuse of discretion in denying defendant's motion for a new trial on the ground of newly discovered evidence.

5. Neither the minutes of the court nor the bill of exceptions, prepared by defendant's original attorney, affirmatively shows that the trial court complied with the provisions of section 1066 of the Penal Code, which is as follows: "Before a juror is called, the defendant must be informed by the court, or under its direction, that if he intends to challenge an individual juror he must do so when the juror appears and before he is sworn." Neither does it appear therefrom that the court did not do so. Both minutes and bill of exceptions are absolutely silent in regard thereto. It does not appear that defendant exercised the right of challenge as to any juror. As to this also there was complete silence in both minutes and bill of exceptions. It is contended that it must be assumed that the trial court did not comply with this provision of law, and that its failure to do so when a defendant is not represented by counsel and is not aware of his rights must be held to be prejudicial error. This point does not appear to have been made until after a decision was given in this case by the district court of appeal for the first district, when a rehearing was asked in that court by reason thereof. The rehearing was granted, and the justices of that court, disagreeing upon this question, the case was certified to this court for decision. We shall not discuss the latter portion of the claim made in this behalf, for we are satisfied that it should not be assumed on the record before us that the trial court did fail to comply with the requirements of section 1066 of the Penal Code. It is too well settled in this state to require the citation of authorities that where an appellant alleges error it is incumbent upon him to show it affirmatively, and that we will not presume that a trial judge failed to do what the law required him to do, but, in the absence of a showing to the contrary, will presume that he did what he was directed by statute to do. We can conceive of no good reason why this general rule is not applicable here. The claim appears to be that if the minutes of the court do not affirmatively show such compliance, a sufficient showing of non-compliance is made. While the law requires the clerk to keep minutes of the proceedings in a criminal case, it nowhere provides in terms that he must enter thereon such an occurrence as this, the mere making of a statement by the court to the defendant for the purpose of informing him when he must make his objection

to any juror. Our statutes do not definitely prescribe what
the minutes shall contain except in certain cases. For in-
stance, it is provided that a ruling on demurrer (Pen. Code,
sec. 1007), the plea of a defendant (Pen. Code, sec. 1017),
the ruling of the court on a challenge to a juror (Pen. Code,
sec. 1083), the verdict of a jury (Pen. Code, sec. 1164),
and the judgment (Pen. Code, sec. 1207), must be so entered.
These are only instances of various things that the Penal Code
expressly requires must be recorded in the minutes. There
is no such provision as to the matter covered by section 1066
of the Penal Code, and in the absence of any such express
requirement, practically making the minutes evidence of the
thing, we do not think that the failure of the minutes to indi-
cate action by the trial courts affords any evidence of failure
to act as against the well-settled presumption we have already
referred to. In the case of *People* v. *Yee Foo,* 4 Cal. App.
730, [89 Pac. 450], in which a rehearing was denied by this
court, it was expressly held that where the record failed to
show whether the court admonished the jury at each adjourn-
ment, as required by section 1122 of the Penal Code, it will
be presumed, in the absence of a showing to the contrary, that
the court did its duty and gave the proper admonition at each
adjournment. In *People* v. *Holmes,* 118 Cal. 444, 449, [50
Pac. 675], the minutes failed to show that the defendants
were present when the verdict was rendered, as required by
section 1148 of the Penal Code, and it was held that error
would not be presumed, and that if the defendants were in
fact absent, it should have been made to appear affirmatively
in the record. (See, also, *People* v. *Douglass,* 100 Cal. 1, 4,
[34 Pac. 490].) We are satisfied that these cases must be held
to state the correct rule, at least as to matters not expressly
required by statute to be entered on the minutes.

*People* v. *Moore,* 103 Cal. 508, [37 Pac. 510], is, in effect,
clearly against the conclusion we have reached. It is impos-
sible, in our judgment, to distinguish this case from that so
far as the *material* facts are concerned. In *People* v. *Moore,*
the minutes were silent upon the matter of a compliance by
the court with the provisions of section 1066 of the Penal
Code, and there was no bill of exceptions. This being the
situation, the case was assumed to be one in which the trial
court had in fact failed to give the defendant the information

required by the section. For that reason the judgment was reversed. The court stated no reason for so assuming, nor did it discuss at all the question whether the minutes must make any showing in regard to the matter, and apparently the well-settled presumption in favor of the action of the court below was not invoked at all, or brought to the attention of the court. We are satisfied for the reasons we have stated that this decision should not be followed. The error therein lies in the assumption on the facts stated that the court failed to comply with the provisions of the law, there being no affirmative showing to that effect. It is clear, in view of the fact that this defendant made no point in this regard until after the decision by the district court of appeal, that he had no complaint to make on this ground at the time of the preparation of his bill of exceptions, and that consequently no reliance was placed on the decision in *People* v. *Moore,* 103 Cal. 508, [37 Pac. 510], in making up the record on appeal. There is, therefore, no unfairness to him in now overruling that decision.

6. We are satisfied that the objection that section 476a is unconstitutional, in that it is special legislation, is not well founded. Learned counsel for defendant appears to construe the word "banker" contained therein as merely *descriptio personæ,* saying that there is no good reason warranting a classification that makes it a felony to draw an order for the payment of money on an individual who is engaged in the banking business as one branch of his financial ventures, while it is not a felony to draw such an order on an individual who does not happen to be engaged in the banking business at all. This, of course, is not the proper construction of the word as used in the section. An order drawn on "John Smith" personally would not be within the purview of the section, unless he was conducting a banking business in his own name. The check or draft must, in effect, be drawn on a banker as such. The majority of the justices of the district court of appeal said upon this point, in the opinion certified to us, "The intent of the legislature evidently was to make it a crime to draw and utter a draft or check upon a bank or depositary for the payment of money, for the reason that such drafts or checks are not usually drawn unless the drawer has funds in such bank or with such depositary to

meet the check or draft. Such check or draft, drawn upon such banker or depositary for the payment of money, is regarded somewhat in the nature of a circulating medium. It is generally supposed, when the check is drawn upon a bank, that the drawer has funds in such bank to meet it. It was to prevent the fraudulent making and uttering of such drafts or checks that the section was enacted. The act applies to the whole class of persons who draw and utter checks or drafts with intent to defraud, upon the persons named in the section. It is uniform, and applies alike to all persons who willfully violate it. The defendant cannot complain because persons who draw drafts or checks upon persons other than those named in the statute are not made subject to its provisions." In this we concur.

The judgment and order denying a new trial are affirmed.

Shaw, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.