[Crim. No. 220.  First Appellate District.—April 26, 1910.]

# THE PEOPLE, Respondent, v. STETH A. SCOTT, Appellant.

CRIMINAL LAW—ARSON—CIRCUMSTANTIAL EVIDENCE—SUPPORT OF VERDICT.—Upon appeal from a judgment of conviction for the crime of arson, and from an order denying a new trial, where insufficiency of wholly circumstantial evidence to support the verdict is claimed, it is held, upon a consideration of the circumstances, and from the reading of the entire record, that, though the case is a close one, yet the evidence is deemed sufficient to sustain the verdict.

ID.—INSTRUCTIONS—REQUEST MARKED "GIVEN"—IMMATERIAL CHANGE IN LANGUAGE—JURY PROPERLY INSTRUCTED.—The fact that an instruction marked "Given" was slightly changed in language is immaterial, where the instruction was given in substance, and the subject thereof was fully covered. As to other instructions criticised, it is sufficient that it clearly appears that the jury was fully and fairly instructed by the trial judge upon every phase of the law appertaining to the case.

ID.—ABSENCE OF ERROR IN EVIDENCE.—It is held that no error was committed in the admission or rejection of evidence.

ID.—CONTINUANCES OF SENTENCE AFTER VERDICT—ORDERS PRIOR AND SUBSEQUENT TO AMENDMENT OF PENAL CODE.—Where the verdict was rendered, and continuances of sentence and judgment were extended for thirty days prior to the taking effect of the amendment of 1909 to section 1191 of the Penal Code, such continuances were regular, and a further continuance of eleven days thereafter, being less than ten after the five days allowed by the amended statute, for the purpose of hearing and determining a motion for a new trial, is also regular.

ID.—REVIEW OF CONTINUANCE AFTER CODE AMENDMENT UPON APPEAL —PURPOSE NOT SHOWN IN RECORD—PRESUMPTION UPON APPEAL.— Where the record upon appeal is silent as to whether the continuance for eleven days after the amendment of section 1191 took effect on June 13, 1909, was for the purpose of hearing and determining a motion for new trial, it must be presumed upon appeal in support of the order that it was. granted for that purpose.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.  George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, and Carroll Cook, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, for Respondent.

KERRIGAN, J.—The defendant was convicted of the crime of arson of the second degree and sentenced to imprisonment· in the state prison for the period of ten years. This is an appeal from the judgment and from an order denying defendant's motion for a new trial.

The fire occurred on the third story of a building situated at No. 25 Third street in San Francisco on February 21, 1909, shortly after 1 o'clock in the afternoon. For some time prior to that date one Miss Williams conducted a shorthand and typewriting school in rooms situated upon said third floor, and the defendant was the manager of the school and an instructor under Miss Williams. It is conceded that a portion of the premises was burned and that the fire was of incendiary origin; but the defendant contends that the verdict convicting him of the crime of arson is not sustained by the evidence. We have carefully examined the record with a view to determining this point, and are constrained to hold that the evidence is sufficient.

The theory of the prosecution was that the defendant set fire to the premises in order to enable Miss Williams to collect on her policy of insurance. Evidence was introduced showing a close and strong friendship between defendant and Miss Williams. On the subject of the fire itself two painters, who were at work painting on the third floor of the building, testified that the defendant was there as late as 12:45 P. M., which was shortly before the discovery of the fire, although defendant claimed that he left there an hour earlier. Another witness who knew the defendant testified that when the fire-engines and other fire apparatus were being hurried to the scene of the fire, the defendant was at a point within two blocks of the place and going away from it. The defendant on the other hand testified that at that time and for half an hour prior thereto he was a mile away, taking luncheon with Miss Williams and another woman. When Miss Williams insured the furniture and equipment of the˙school

originally and again when she increased the amount of her policy, the defendant was present and took an active part in the transactions; yet after the fire he disclaimed to the fire marshal having any knowledge at all on the subject of her insurance, and in an investigation into the origin of the fire, the defendant, in order to account for his whereabouts from the time he claimed to have left the building until he arrived at Larkin and Ellis streets for luncheon, stated that he had an engagement with one W. F. Berrill, and that he walked to the place of appointment at Seventh and Howard streets, and failing to find Berrill that he walked from there to Larkin and Ellis streets. Berrill, however, testified that he had no engagement with the defendant on that day. Other circumstances in the case pointing to the guilt of the defendant are that although it was desired that the painted portions of the third story should dry as quickly as possible, so that a session of school might be held on Tuesday, February 23d, the defendant, against the advice of the painters, ordered the window curtains drawn, the windows left open six inches from the bottom, the inner doors open and the outer doors locked. Immediately after the fire a certain book was found on the defendant's desk, with a leaf turned down at a part of the book entitled, "How to collect insurance."

The evidence is wholly circumstantial, and while it appears from a reading of the entire record that the case is a close one, nevertheless, we think that it is sufficient to sustain the verdict.

Appellant complains of the action of the trial court with regard to certain instructions. The first instruction requested by defendant was marked by the court "Given"; and, although, according to the reporter's transcript of the proceedings, it was not given in the exact language proposed, yet it was given in substance, and the subject matter thereof was fully covered. As to the other instructions criticised, it is sufficient to say that it clearly appears that the jury was fully and fairly instructed by the trial judge on every phase of the law appertaining to the case.

No error was committed in the admission or rejection of evidence.

The verdict finding the defendant guilty was rendered on May 11, 1909. The pronouncement of sentence and judg-

ment was continued from time to time until June 14, 1909, and upon that date was again continued until June 22d (being forty-one days from the finding of the verdict), when sentence and judgment were finally pronounced. Section 1191 of the Penal Code, as amended in 1909, provides in part that the court must pronounce judgment within not less than two nor more than five days after the verdict or plea of guilty, but that, for the purpose of hearing and determining a motion for a new trial, this time may be extended not more than ten days, etc. In *Rankin* v. *Superior Court*, 157 Cal. 189, [106 Pac. 718], it was held that unless the trial court pronounced its judgment within the five days specified in the section, or within an extension of time therein authorized, the defendant is entitled to a new trial. The verdict of the jury in the present case was rendered before the amendment to section 1191 became law, the amendment being approved April 14, 1909, and becoming effective June 13th following. The continuances prior to the one of June 14th were under the old law and were regular. The judgment was pronounced and the appeal taken after the amendment in question became operative; and it becomes necessary to consider the effect of the last order of continuance, viz., that of June 14, 1909.

This appeal was taken under section 1191 of the Penal Code as amended, and the record does not show that the continuance of June 14th (which was for more than five days) was made for the purpose of hearing and determining a motion for a new trial. Defendant therefore contends that he is entitled to a new trial. But such motion was in fact heard and denied; and in the absence of a showing by the record to the contrary we will presume that the court acted regularly, and that the continuance of June 14th was ordered for the purpose of enabling the court to hear and determine such motion. (*People* v. *Russell*, 156 Cal. 450, [105 Pac. 416].)

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 25, 1910, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1910.