PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALFREDO RODRÍGUEZ, Defendant and Appellant.

No. 3980.   Argued January 23, 1930.—Decided July 22, 1930.

*R. Díaz Collazo* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The defendant Alfredo Rodríguez was represented by counsel in the lower court and has appealed from a judgment convicting him of the crime against nature committed on the person of a child.

As a first ground of appeal he urges that the court erred in not permitting him to introduce in evidence at the trial a medical certificate.

A medical expert for the prosecution had acknowledged as his a signature appearing on a certificate, and when the defendant offered the said certificate in evidence as a part

of his proofs the court refused to admit it. The certificate refers to a medical examination made on the defendant by the person signing it and to the signer's opinion regarding such examination. It was clearly inadmissible, as it would have deprived the prosecution of its right to cross-examine the expert. The best evidence would have been the testimony of the physician at the trial.

The second ground of appeal is predicated upon the refusal of the court to give an instruction requested by the defendant. The instruction reads as follows:

"The offense charged in this case is in its nature coarse and detestable; but it is an offense easily charged and difficult to disprove; . it affords great facility for a false accusation, made for the purpose of revenge and injury; and usually its proof depends mainly upon the testimony of an accomplice."

The argument of the appellant is that such an instruction is correct because it follows the wording used in a judgment rendered by the Supreme Court of California and repeated in another case by the same court. The cases referred to are those of *People* v. *Moore,* 103 Cal. 508, and *People* v. *Stouter,* 142 Cal. 146.

It is true that in the first of the above-mentioned cases is found substantially the same phraseology used in the instruction which was refused in the instant case; but it is to be observed that such phraseology appears in the cited case as expressing the individual views of Justice McFarland, who wrote the opinion, and not as the court's conclusions, since the statement is not included among the holdings set out in the syllabus of the case. There are also to be noted in that case the special circumstances that the appellant had been sentenced to forty-one years' imprisonment for the crime against nature without having been represented by counsel at the trial and, subsequently, without filing in the appellate court any statement of the case containing the evidence introduced or a bill of exceptions; for which reason

the appeal was necessarily based only on the judgment-roll, that is, the information, the plea of the defendant, the minutes of the trial, the instructions to the jury, and the judgment rendered. This is why the Justice set forth the above as a guide in the consideration of the case, which was reversed for the failure of the trial court to inform the defendant at the proper time of his right to challenge individual jurors. In the other case cited the defendant was sentenced to fourteen years' imprisonment, and it was stated in the opinion that, as the crime was one where the charge is easy to make and hard to prove, on appeal the court will look closely into the conduct of the trial and see that the evidence is substantial. The judgment was reversed and the cause remanded for a new trial because a certain instruction was given to the jury twenty hours after they had retired to the jury-room.

As may be seen, in none of the above cases was it declared that the words to which we refer constituted a proper instruction to the jury. They only expressed the reasons for which the court deemed it its duty to consider carefully appeals in that class of cases. We are unable to find that in the instant case the court erred as claimed.

The third and last ground of appeal relates to the refusal of the lower court to give certain instructions because such instructions had been covered in the general charge; but the appellant contends that said instructions are not included in the general charge given by the court to the jury.

The second instruction requested reads thus:

"In a criminal proceeding like the present the burden of proof is on the government and it is its duty to establish beyond a reasonable doubt the circumstances of the crime before the jury may enter into a consideration of the sufficiency or insufficiency of the evidence introduced by the accused in his own defense."

The court stated in its charge to the jury:

"That the guilt of the accused must be shown beyond a reasonable

doubt and that the defendant's innocence is presumed by the law until the contrary is shown."

This is equivalent to saying that the burden of proof is on the government, upon which it is incumbent to establish beyond a reasonable doubt the circumstances of the crime before the jury may consider the sufficiency of the evidence.

The third instruction requested is as follows:

"The probability of the innocence of the accused is a just ground for reasonable doubt as to his guilt and, therefore, for his discharge."

In regard to this the court said:

"That the evidence must produce such moral certainty as to convince and direct the mind and to satisfy reason."

These words cover the instruction requested that the probability of the innocence of the accused is a proper basis for reasonable doubt and, therefore, for a discharge.

The fourth instruction requested reads as follows:

"Each juror, independently of the others, must be satisfied beyond a reasonable doubt as to the guilt of the accused before finding him guilty."

This instruction is included among those given to the jury by the judge when he stated:

"If you, gentlemen of the jury, after analyzing and weighing all this evidence, have any doubt, a reasonable doubt, that this man has committed that crime, it is also your duty, gentlemen of the jury, to find him not guilty of the crime against nature, giving him the full benefit of such doubt."

The above words were addressed to the gentlemen of the jury, that is, to each and every one of the jurors, instructing them that if they had any reasonable doubt regarding the guilt of the defendant they should not convict him.

The fifth of the requested instructions reads thus:

"The defendant requests that the jury be instructed on the rules regulating the admission and exclusion of evidence, its character, weight, effect, corroboration, or impeachment."

This instruction is copied from 12 Cyc. 659, where it is said that failure to instruct on the above rules is not error where such an instruction is not specially requested.

The lower court instructed the jury at length on the evidence, its character, weight, effect, and impeachment; and we have not been shown by the appellant that the peculiar circumstances of the present case made it necessary to instruct the jury in regard to corroboration or the rules regulating the admission or exclusion of evidence.

As none of the errors assigned can be sustained, the judgment appealed from must be affirmed.