## TERRITORY OF ARIZONA *v.* RICHARD M. HARGRAVE.

DEFENDANT SHOULD BE INFORMED OF HIS RIGHT TO HAVE COUNSEL, in a criminal case, before he is arraigned.

INDICTMENT OUGHT, IN CASE OF FELONY, TO BE READ TO THE JURY that tries the accused.

ERRORS THAT APPEAR NOT TO HAVE PREJUDICED RIGHTS OF DEFENDANT in a criminal prosecution are not sufficient ground for reversal. And the failure to read the indictment to the jury, and the omission to inform the defendant, before his arraignment, that he has a right to have counsel, where the taking of his plea was postponed for two days, when counsel was in fact assigned to him before the plea was made and entered, do not constitute a sufficient cause for reversing the judgment.

APPEAL from the district court of the third judicial district. The opinion states the case.

*John Howard and William J. Berry,* for the appellant.

*John A. Rush,* for the respondent.

By Court, TITUS, C. J.:

In this case, the defendant, Richard M. Hargrave, was convicted of the murder of Ygnacio Rubio, at Prescott, in the county of Yavapai, on the eleventh of·July last (1872). The defendant was sentenced to death by hanging, on the thirteenth of the same month, and on the sixteenth, notice of this appeal was given by William J. Berry, the defendant's counsel.

The want of authority of the judge of the third judicial district to preside and try the cause was the only exception which the record shows to have been made in the court below. This was rightly overruled at the time, and seems since to have been abandoned as worthless.

No assignment of errors has been made, no brief has been filed, and no argument, oral or written, had in this court. The case comes here by a futile appeal to baffle justice and prolong for a few months the life of the doomed defendant.

The case has been submitted on the record alone, with nothing beyond to aid its examination. On careful inspection, however, the record of this case exhibits no such error as ought to vitiate the verdict in the court below, or disturb the verdict here. The record itself is quite as full as usual, and with an ordinary share of that presumption in favor of the proceedings below, without which no human administration of justice can stand, the present judgment may be maintained.

The record of this case, however, exhibits in the proceedings of the court below, as stated, two omissions and one departure from the course of procedure enjoined by our criminal statutes. It does not appear from the record that the defendant was informed that it was his right to have counsel, before he was arraigned; nor does it appear that the indictment was read to the jury trying the cause. It does appear, however, from the record, that the defendant, on inquiry by the court, was assigned counsel two days after the arraignment, as stated, when he pleaded to the indictment.

These harmless errors, however, ought not to disturb the judgment in the present case, for they do not appear to have prejudiced the defendant, and they are mentioned here only to show that they have not been overlooked in the examination of the record, and as a caution in other cases which may be less carefully tried than this one has obviously been.

Our statutes provide, Compiled Laws, p. 126, sec. 247, " If the defendant appear for arraignment without counsel, he shall be informed by the court that it is his right to have counsel before he is arraigned, and shall be asked if he desire the aid of counsel."

The same laws provide, p. 134, sec. 331, " If the indictment be for felony, the clerk must read the indictment, and state the plea to the jury."

In this case the arraignment or partial arraignment of the defendant, without counsel, as it appears, did not prejudice him, for the plea, which is really the only accompaniment or immediate consequence of the arraignment requiring the aid of counsel, was postponed for two days after such arraignment, when counsel was assigned the defendant immediately before such plea was made and entered.

The usual, and perhaps better, practice is for the prosecuting officer to read the indictment to the jury, in his opening and statement of the case for the prosecution. Elsewhere this is so much a matter of course that it is always presumed to be done, and requires no statement in the record.   As the reading of the indictment is, by our statute, required to be made in a manner exceptional and peculiar, it would seem that the statement of it ought to be thus made in the record.   In the absence of such statement, the presumption is that the indictment was read to the jury in the ordinary way.   Legal presumption is always in favor of judicial proceedings, until the contrary appears.

The foregoing conclusions in favor of the proceedings in the present case are corroborated by our statute concerning appeals; for the Compiled Laws, p. 148, provide, sec. 468: " After hearing the appeal, the court shall give judgment, without regard to technical error or defect which does not affect the substantial rights of the parties."

The charge of the court in the present case was extremely

cautious, and the utmost indulgence seems to have been allowed the defendant throughout the whole case.

The judgment and order of this court, therefore, are, that the original judgment in the present case shall be carried into execution, by and in pursuance of an *alias* warrant, such as is required in all cases in which the judgment of death is rendered, and that this judgment be entered in the minutes of this court, and a certified copy of the same, with such entry, forthwith remitted to the clerk of the court from which this appeal was taken.

TWEED and PORTER, JJ., concurred.