(December 17, 1904.)

## STATE v. LANCASTER.

[78 Pac. 1081.]

PROSECUTION FOR RAPE—CHARGE OF SINGLE OFFENSE—PROOF OF OTHER RAPES ON PROSECUTRIX—ADMISSIBLE WHEN CORROBORATIVE OF PROSECUTRIX—ELECTION BY STATE.

1. The general rule in criminal cases is that where one specific offense is charged, the commission of other offenses cannot be proven for the purpose of showing that the defendant would have been more likely to have committed the offense for which he was on trial, nor as corroborating the testimony relating thereto. But there are some exceptions to this general rule, and where the offense consists of rape upon a female under the age of consent, evidence of previous acts occurring prior to the offense alleged is admissible as having a tendency to render it more probable that the crime charged was committed, though evidence of such crimes would be inadmissible as independent testimony.

2. The proof of other rapes on the prosecutrix than the one charged in the information is not admissible for the purpose of proving this distinct offense, but to show the relation and the familiarity of the parties and as corroborative of - the prosecutrix's testimony concerning the particular act relied upon for a conviction.

3. In this class of cases where several crimes of the same kind may be proved, the state must elect on what particular offense it will stand, and the jury must be informed for what offense a conviction is demanded.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable Edgar C. Steele, Judge.

Prosecution for statutory rape. Defendant convicted. Judgment affirmed.

Clay McNamee and M. R. Hattabaugh, for Appellant.

The information in this case charges the defendant with but one act of sexual intercourse with the prosecutrix, alleged to have taken place on or about the tenth day of June, 1902. The evidence introduced by the state over the strenuous objection

of the defendant's counsel shows, or tends to show, the perpetration of two other separate and distinct acts of rape committed by the defendant upon the prosecutrix at periods of time antedating the date alleged in the information for more than one year. The defendant came into court for trial, as he and his counsel supposed, to meet but the single charge named in the information, and was compelled, under the ruling of the court, to meet three separate and distinct charges, in which he was taken by surprise and could not successfully prepare his defense. Who can say whether or not the defendant was found guilty upon the charge as set out in the information or upon one or both of the other acts allowed in evidence before the jury? On this particular phase of this case, we submit the following well-considered authorities: 23 Am. & Eng. Ency. of Law, 2d ed., p. 881; *People v. Stewart,* 85 Cal. 174, 24 Pac. 722; *People v. Bowen,* 49 Cal. 654; *Janzen v. People,* 159 Ill. 440, 12 N. E. 862; *State v. Bonsor,* 49 Kan. 758, 31 Pac. 736; *State v. Masteller,* 45 Minn. 128, 47 N. W. 541; *Owens v. State,* 39 Tex. Cr. Rep. 391, 46 S. W. 240; *Parkinson v. People,* 135 Ill. 401, 25 N. E. 764, 10 L. R. A. 91; *Snurr v. State,* 2 Ohio Cir. Dec. 614. In exceptional cases, the doctrine laid down in these decisions is relaxed and evidence of other similar acts become admissible, but only for the purpose of showing intent, but that exception has been held in cases of this kind in California not to apply. Had the information contained three different counts, even then the state would have been properly required to elect upon which charge it would stand and rely for a conviction, and where evidence had been introduced showing more than one act, the authorities hold that the state must then elect on which act it will rely for conviction. *(People v. Williams,* 133 Cal. 165, 65 Pac. 323; *People v. Castro,* 133 Cal. 11, 65 Pac. 13; *State v. Hilberg,* 22 Utah, 27, 61 Pac. 216; *State v. Stevens,* 56 Kan. 720, 44 Pac. 992.)

Attorney General John A. Bagley, for the State.

The only point argued by counsel for appellant was that the court erred in admitting evidence of former acts of sexual intercourse between the parties. This is always admissible in

this class of cases. (*Commonwealth v. Merriam,* 14 Pick. 518, 25 Am. Dec. 420; *People v. O'Sullivan,* 104 N. Y. 481, 58 Am. Rep. 530, 10 N. E. 880; *State v. Marvin,* 35 N. H. 22; *State v. Wallace,* 9 N. H. 515; *State v. Knapp,* 45 N. H. 156; *Strang v. People,* 24 Mich. 1, cases cited in note on page 2; *Sharp v. State,* 15 Tex. App. 171; *State v. Way,* 5 Neb. 287; *Thayer v. Thayer,* 101 Mass. 112, 100 Am. Dec. 110; *State v. Raymond,* 53 N. J. L. 260, 21 Atl. 328; *Bottomley v. United States,* 1 Story, 135, Fed. Cas. No. 1688.)

SULLIVAN, C. J.—The appellant was convicted of the crime of statutory rape, and sentenced to a term of six years in state's prison. The first error assigned is that the court erred in failing to require the clerk to state the plea of the defendant to the jury. While the record and the notes of the stenographic reporter do not show that the defendant's plea was stated to the jury, we have before us the affidavit of the stenographic reporter, in which he says: "That as soon as the jury were sworn and impaneled in the said cause, the clerk of said court, under the direction of the court, read to the jury the information in the said cause, and immediately thereafter stated to the jury that the defendant pleaded not guilty." Also in the first instruction given to the jury by the court, the court there states that the "defendant pleads not guilty" to the information. For that reason the case of *State v. Chambers,* 9 Idaho, 673, 75 Pac. 274, is not in point, as in that case there was no showing whatever that the plea was stated to the jury, and it was admitted that the plea was not stated to the jury. If the plea was in fact stated to the jury, and the stenographer's notes do not show that fact, it may be shown by the affidavit. The record may be made to speak the truth.

Counsel for appellant contend that the court erred in the admission and rejection of certain testimony, specifying the same, and contended that the information charges the defendant with having committed the rape, of which he was found guilty, to have taken place on or about the tenth day of June, 1902, and that the evidence introduced by the state over the strenuous objection of defendant's counsel, shows, or tends to show, the

perpetration of two other separate and distinct acts of rape committed by the defendant on the prosecutrix at periods of time antedating the date alleged in the information, one for more than a year, and the other nine months, and that the admission of the proof thereof was error.

The record shows that after the complaining witness had testified that the rape was committed on the ninth day of June, 1902, she was permitted to testify, under objection, to two other acts of rape upon her, one occurring in May, or June, 1901, and the other in September, 1901.

The general rule is that a crime distinct from that laid in the information cannot be given against the prisoner, but there are exceptions to that rule. The general rule is based upon the principle that the commission of an independent offense is not in itself proof of the commission of another crime—the one for which the defendant is prosecuted. Cases, however, occur where the crime charged in the information is so connected with the crime, proof of which is sought to be introduced, that the existence of the one tends to establish the existence of the other, and that is the reason on which the exception to the general rule is based. (23 Am. & Eng. Ency. of Law, 2d ed., p. 248.) But the courts are not agreed on the terms or the extent of the exceptions to the general rule, and it is stated at page 249 of the authority above cited, as follows: "Many of the exceptions, however, are old and well fixed, and courts take their stand on these established exceptions, and will not allow the introduction of evidence of independent offenses unless the particular instance can be shown to fall under one of these recognized cases." And the author there states that a good deal appears to rest on the discretion of the judge as to whether such a connection between the crimes is shown as to warrant its introduction.

While there is a conflict in the decisions upon the point under consideration, it appears to us that the rule established by the decided weight of recent authority is that crimes involving illicit sexual intercourse of any sort constitute an exception to the general rule. (Underhill on Criminal Evidence, sec. 92.)

While some of the cases hold that acts both prior and subsequent to the one set forth in the indictment may be given in evidence, others hold that only those acts occurring prior to the act charged can be given, and those instances not to be too remote in time from the one charged. In the case at bar, it will be observed that one of the acts testified to occurred about a year prior to the one charged in the information, and the other about nine months.

In Wharton's Criminal Evidence, eighth edition, section 35, it is said: "In prosecutions for adultery, or for illicit intercourse of any class, evidence is admissible of sexual acts between the same parties prior to, or, when indicating continuousness of illicit relations, even subsequent to the act specifically under trial." (See Underhill on Criminal Evidence, sec. 383; *State v. Witham,* 72 Me. 531; *People v. Castro,* 133 Cal. 11, 65 Pac. 13; *State v. Hilberg,* 22 Utah, 27, 61 Pac. 215.)

In *State v. Knapp,* 45 N. H. 156, the court having cited other decisions bearing upon the point under consideration, said: "The principle of these cases, we think, must govern the one before us—that is, the solicitations of the respondent evince a state of mind that renders the act charged more probable. It is true that it does not necessarily evince a disposition to accomplish his object by force; but it tends to show that all other restraints had been thrown off, and that a lustful intent toward the prosecutrix existed in the heart of the prisoner, which would render the commission of the crime more probable."

In *State v. Robinson,* 32 Or. 43, 48 Pac. 357, the court said: "It is next insisted that the court was in error in allowing the prosecution to give evidence tending to show more than one act of criminal intercourse between the defendant and the prosecutrix. . . . . As a general rule, the principle invoked is unquestionable, although there are in fact many exceptions which it is unnecessary to attempt to point out at this time, as authorities fully sustain the competency of the evidence offered and admitted in this case, not for the purpose of proving a different offense, but to show the relation and familiarity of the parties, and as corroborative of the prosecutrix's testimony concerning

the particular act relied upon for the conviction." (*People v. Abbott,* 97 Mich. 484, 37 Am. St. Rep. 360, 56 N. W. 862; *People v. O'Sullivan,* 104 N. Y. 481, 58 Am. Rep. 530, 10 N. E. 880.)

It is contended that the state did not elect upon which act of rape it relied for a conviction in this case, and that was error. It appears from the record that the prosecutrix when placed upon the stand testified, first, as to the act that occurred on June 9, 1902, and thereafter counsel for the prosecution asked the prosecutrix the following questions: "Q. I will ask you, Stella, how many times this defendant had intercourse with you?" Thereupon counsel for the defendant objected to said question as incompetent, irrelevant and immaterial and not proper evidence, and stated, "We are not charged with but one specific act under the information. Other acts are not admissible in evidence." Thereupon the assistant prosecutor stated: "It is not offered for the purpose of showing separate and distinct offenses, but to corroborate the testimony." Thereupon the objection was over-ruled and the prosecutrix answered as follows: "A. Three times." And then proceeded to testify where and when each of said acts occurred.

It will appear from the above that the state did select the act alleged in the information as occurring about June 10, 1902, and the one testified to by the prosecutrix as having occurred on June 9th as the one for which, or on which, the defendant was being prosecuted. The assistant prosecuting attorney stated that the other acts were only introduced in corroboration. We think that selection sufficient and the jury certainly understood for what specific act the defendant was being tried. It certainly would not be fair to the defendant to charge him with a crime as having been committed on a certain date and then to intro-duce proof of three crimes of the same class or kind, of different dates, and not require the state to select the one on which the conviction was sought.

In this case when the trial began the defendant was expected to meet the specific act charged in the information, and it would be most unfair to require him to defend against two other acts occurring, one nine months and the other over a year, prior to

the date of the one alleged in the information. If the state were not required to elect on which act a conviction was demanded, the question as to whether the jury united in a verdict upon any one act would be problematical.

Some of the members of the jury might have concluded that defendant was guilty of the act testified to as having occurred in May or June, 1901, and not of the act alleged in the information as having occurred on or about June 10, 1902; and others might have concluded that he was guilty of the act charged in the information, and not guilty of the act testified to as having occurred in May or June or September, 1901.

It will thus be observed that in the class of actions where other offenses of the same class may be testified to under the exceptions above noted, the state must elect and the jury must be informed of the act for which a conviction is demanded. A selection was made in this case.

We have examined the other errors assigned based on the admission and rejection of testimony and find no error in the rulings of the court thereon. We have also carefully examined the instructions given by the court, and find that they fairly present the law as applied to the facts established by the evidence.

After a careful examination of each of the errors assigned, and finding no error in the record, we conclude that the judgment must be affirmed, and it is so ordered.

Stockslager and Ailshie, JJ., concur.