# L. L. WILLIS v. STATE.

No. A-9109.   Dec. 18, 1936.
(63 Pac. [2d] 769.)

I. L. Cook and Rowe Cook, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DOYLE, J. The information in this case filed in the district court of Atoka county July 15, 1935, charged that on or about July 13, 1935, L. L. Willis committed the crime of receiving stolen property. The charging words are: "The defendant did in said county and state at the date above named unlawfully, knowingly, willfully and feloniously buy and receive from Lonnie Mitchell and Wilsie Denwood Shields, and each of them for a consideration of $6.65 good and lawful money of the U. S. of America, certain personal property, to wit: 16 shirts of the value of eighty five cents each, 5 blankets of the value of $2.50 each, which said property the said Lonnie Mitchell and Wilsie Denwood Shields and each of them had heretofore stolen from the state of Oklahoma, in the possession of O. P. Ray, superintendent of the subpenitentiary located near Stringtown, Oklahoma, contrary to," etc.

Said information was signed by W. H. Parker, county attorney, and was verified as follows:

"State of Oklahoma,
"Atoka County—ss

"I, Paul Taylor being duly sworn on oath do state that the facts set forth in the foregoing information are true.

"Paul Taylor

"Subscribed and sworn to before me this 15th day of July, 1935.

"S. T. Sampler, court clerk."

On his trial the jury returned a verdict finding him guilty as charged in the information and assessing his punishment at imprisonment for one year and one day in the penitentiary. Motions for new trial and in arrest of judgment were presented and overruled.

From the judgment rendered in pursuance of the verdict on March 10, 1936, he appeals.

It appears from the record that, after the jury had been sworn to try the case and after the county attorney had made his opening statement to the jury, counsel for the defendant objected to the introduction of any evidence in the case, for the reason that the information does not state facts sufficient to constitute a public offense. Thereupon, against the defendant's objection, the court permitted the county attorney to amend the information by the following interlineation: "Knowing the same to be stolen." The defendant then asked for a continuance, which was overruled. Exceptions saved.

At the close of the state's testimony the defendant interposed a demurrer to the same for the following reasons: That after the court permitted the county attorney to amend the information in substance it was not reverified or refiled. And the defendant moved the court for a directed verdict of acquittal. Both the demurrer and the motion were overruled. Exceptions saved.

The same questions were again raised in the motion for a new trial and motion in arrest of judgment.

The information in this case was based upon Penal Code (St. 1931, § 2265), which declares:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

There are no common-law crimes in Oklahoma, and our statute does not include in its definition of the crime anything limiting its application to receiving stolen property from any person, and there may be prosecution therefor irrespective of the conviction of the thief, or of the question whether he is amenable to justice.

The particular thing denounced by the statute is the receiving of stolen property knowingly, and the crime of receiving stolen property, knowing the same to have been stolen, is made a substantive offense and not merely an accessorial one. Yeargain v. State, 57 Okla. Cr. 136, 45 Pac. (2d) 1113.

The original information in this case did not allege that the defendant received the alleged stolen property "knowing the same to have been stolen." This essential element of the offense was omitted.

It follows that the amendment thereto was in matter of substance and not a mere matter of form. Before the amendment, the information was insufficient to charge a violation of section 2265, supra.

Generally speaking, when an information is amended in matters of substance after arraignment and plea, there must be a new arraignment and plea.

It is perhaps safe to say, however, on the one hand, that the power of amendment extends to formal matters which are not essential to the charge and mere clerical errors, etc., where defendant cannot be misled or prejudiced; but, on the other hand, any omission or misstatement which prevents an indictment or information from showing on its face that an offense has been committed, or from showing what offense it is intended to charge, is a defect in matter of substance which cannot

be cured by amendment at the trial, or, in case of an indictment, by the court at any time where an indictment is necessary. 22 Cyc. 439, 440. Rollen v. State, 7 Okla. Cr. 673, 125 Pac. 1087.

The true test of the sufficiency of an information is not whether it might possibly have been made more certain, but whether it contain every element of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet.

If an information is to be amended, it should be done before the case goes to trial. It cannot be amended in matter of substance after the impaneling of the jury, and can be amended in matter of form only when such can be done without prejudice to the rights of the accused.

Our Procedure Criminal provides (St. 1931, § 2956) :

"When the objections mentioned in section 5791 (2948) appear upon the face of the indictment or information, they can only be taken by demurrer, except that the objection to the jurisdiction of the court over the subject of the indictment or information, or that the facts stated do not constitute a public offense, may be taken at the trial, under the plea of not guilty, and in arrest of judgment."

Under this provision, if it appears that the facts stated do not constitute a public offense, an objection to the introduction of evidence on that ground is sufficient to raise the question. Seay v. State, 29 Okla. Cr. 189, 233 P. 766; Roebuck v. State, 14 Okla. Cr. 241, 170 Pac. 277; Stone v. State, 12 Okla. Cr. 313, 155 Pac. 701.

It follows from what has been said that the court erred in overruling the defendant's objection to the introduction of evidence on the ground that the information

did not state facts sufficient to constitute a public offense.

Because of the errors pointed out, the judgment is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.