181 P.2d 197

### STATE v. BURWELL.
### No. 7330.

Supreme Court of Idaho.
May 27, 1947.

374

H. J. Swanson, of Pocatello, for appellant.

Robert Ailshie, Atty. Gen., and J. R. Smead, Asst. Atty. Gen., for respondent.

MILLER, Justice.

October 15, 1945, a Prosecuting Attorney's Information was filed in the District Court of the Fifth Judicial District of the State of Idaho, in and for Bannock County, charging George Burwell, defendant and appellant, with adultery. December 3, 1945, appellant appeared in court for arraignment, at which time a motion to set aside the information and a demurrer thereto were filed. The motion and demurrer were set for hearing for December 17, 1945. Both the motion and demurrer were dated December 3, 1945, but were not filed until December 7, 1945. December 27, 1945, the motion and demurrer came on for hearing. December 28, 1945, the motion was denied in its entirety and an order sustaining the demurrer on the ground that it did not conform to Section 19-1310, I.C.A., in that the date of the commission of the offense was uncertain, was made and entered. The Prosecuting Attorney was allowed until January 10, 1946, to file an amended information.

A Prosecuting Attorney's Amended Information was filed January 14, 1946. Said information, among other things, recites that the Prosecuting Attorney "in proper person comes into said District Court in the County of Bannock, State of Idaho on the 8th day of January, 1945, and gives the Court to understand and be informed that George Burwell is accused by this information of the crime of Adultery which said crime was committed as follows, to-wit: * * *" February 9, 1946, a plea to the jurisdiction and a plea in bar were filed, in which the dates of hearing of the demurrer and the time in which to file an amended or new information were shown, and that because the amended information was not filed until January 14, 1946, the time for filing such information had terminated and further proceedings thereon were barred. April 12, 1946, an order denying and overruling the plea in bar and the plea to the jurisdiction was made, but was not filed until May 15, 1946. A court minute, dated May 12, 1946, recorded May 15, 1946, shows that it was ordered that the plea in bar and the plea to the jurisdiction were denied and overruled. May 16, 1946, a court minute was entered, in which it is shown

that the case of State of Idaho v. George Burwell was set for Wednesday, May 29, 1946. June 3, 1946, a court minute shows that the case came on regularly for trial, and a jury of twelve persons was selected and sworn to try said cause. Said court minute shows: "The Information was read to the jury and the defendant's plea stated."

A court minute shows that witnesses were called and examined on behalf of the State and the State rested; that arguments of counsel for the respective parties were heard; that the jury received the instructions of the Court and retired to consider their verdict, and subsequently returned into court, and, being asked by the Court if they had agreed upon a verdict, they, through their foreman, presented their verdict finding the defendant guilty as charged in the information. Thereupon, the appellant announced his intention to move for a new trial, and in the event of the denial of the motion and after judgment had been pronounced, he declared his intention to appeal to the Supreme Court of the State of Idaho. The time for passing sentence was set for June 15, 1946. The instructions to the jury are contained in folios 57 and 91. The verdict of the jury was filed June 4, 1946. Application for a new trial was filed June 13, 1946, and in which it is set out as errors of laws:

"1. That the court erred in denying the plea of the defendant to the jurisdiction of the court, as set forth in said plea to the jurisdiction on file herein.

"2. That the defendant at no time entered any plea to the amended information on file herein, as required by Section 19-1612, I.C.A. for the year 1932. * * *"

A motion in arrest of judgment was filed June 15, 1946. An affidavit of defendant was filed June 15, 1946, in which it is shown "that at no time did he enter any plea, as provided for by Section 19-1612, I.C.A. for 1932, or Section 19-1613, I.C.A. for the year 1932, either to the original information or to the amended information. Defendant further says that he was never called on to enter any plea, to either the original or the amended information; and that he never at any time refused to enter a plea, provided for by the two Sections above mentioned."

On June 15, 1946, the Court heard arguments on the motion for new trial and fixed June 28, 1946, as the time for ruling thereon. On June 28, 1946, a court minute shows the ruling of the court on the motion in arrest of judgment and the motion for new trial. Both motions were denied and the defendant was sentenced to serve a term of not less than one nor more than three years in the State Penitentiary, and was required to give a bond in the sum of $1000, pending the filing of appeal, and that execution of judgment was stayed until July 8, 1946, to allow defendant to file the required bond. June 28, 1946, a certificate of probable cause and stay of execution was made and entered, and on said date, a notice of application for bail was

filed, and an order fixing amount of bail in the sum of $1000 was made, and likewise on said date, judgment and commitment was made and entered.

An order denying motion in arrest of judgment and order denying motion for new trial, dated June 28, 1946, filed July 8, 1946, was made and entered. Exception to order denying motion in arrest of judgment and order denying motion for new trial was filed and served by appellant. Exception to judgment, as of same date and filing, was likewise made and entered. July 9, 1946, notice of appeal from the judgment and from the order denying the motion in arrest of judgment and from the order denying defendant's motion for new trial was filed and served.

The record in this case does not contain a reporter's transcript and is submitted exclusively upon the clerk's transcript.

Appellant has specified various errors, but they related to but two questions, viz.: (a) Could the Prosecuting Attorney file an amended information after the date fixed by the court had expired without securing an extension of time within which to file the same, and (b) in the absence of an arraignment and plea, was there anything for determination, there being no issue involved?

In passing upon these questions, certain statutory provisions must be considered. Our statutes relating to pleadings by a defendant and informations were taken from California, and are identical therewith prior to amendment, and the following sections are particularly applicable:

Section 19-1612, I.C.A., provides:

"These are four kinds of pleas to an indictment. A plea of:

"1. Guilty.

"2. Not guilty.

"3. A former judgment of conviction or acquittal of the offense charged, which may be pleaded either with or without the plea of not guilty.

"4. Once in Jeopardy."

Section 19-1613, I.C.A., is as follows:

"Every plea must be oral, and entered upon the minutes of the court in substantially the following form:

"1. If the defendant pleads guilty: 'The defendant pleads that he is guilty of the offense charged.'

"2. If he pleads not guilty: 'The defendant pleads that he is not guilty of the offense charged.'

"3. If he pleads a former conviction or acquittal: 'The defendant pleads that he has already been convicted (or acquitted) of the offense charged by the judgment of the court of — (naming it) rendered at — (naming the place), on the — day of —.'

"4. If he pleads once in jeopardy: 'The defendant pleads that he has been once in jeopardy for the offense charged (specifying the time, place and court).' "

■ When the demurrer to the information was sustained it became a superseded pleading, and an order made permitting the Prosecuting Attorney to file an amended information and designating the time within which such amended information could be filed became functus officio and had no force or effect if not filed within said designated time, and in the absence of securing from the court an order extending the time in which said amended information could be filed. See Hartenbower v. Mutual Benefit Life Insurance Company, 67 Idaho 254, 175 P.2d 698; C. I. T. Corp. v. Elliott, 66 Idaho 384, 159 P.2d 891; Anderson v. Hoops, 52 Idaho 757, 19 P.2d 908.

The case of State v. Groseclose, 67 Idaho 71, 171 P.2d 863, 867, is a case directly in point, and therein this court said:

"The trial court was correct in ruling on the demurrer and in its order wherein it is stated, inter alia:

" 'It appearing to the satisfaction of the undersigned Judge of the above entitled court that the facts may justify the filing of a new information or complaint, the plaintiff is hereby given ten days from and after the filing of this order in which to prepare said amended complaint and, unless an amended complaint is so filed, said action shall be dismissed.'

"The complaint being insufficient, as above pointed out, in that it did not specifically allege sufficient facts, and no amendment having been made within the time allowed, the action was subject to dismissal,

but not upon the ground that the statute was indefinite, void and unconstitutional under the constitutional provisions heretofore referred to."

■ In view of the fact that the Prosecuting Attorney did not, prior to the date limiting the time in which he might file an amended information, secure an order extending the time in which to file said amended information, we incline to the opinion that the jurisdiction of the court over the subject matter of the action was terminated and the proper thing to have been done was to have dismissed the action. The defendant at that time had not been called upon to plead, nor had a jury been sworn to try the cause, and for that reason, he had not been placed in jeopardy and could not subsequently complain upon the filing of another information and the trying of the cause of action as therein charged.

The trial judge, in a "Memorandum Decision," says:

"If no order permitting the Prosecuting Attorney to file an amended information had been made the defendant would be entitled to a dismissal, and other proper relief. However, * * * I think the court retains jurisdiction, and that jurisdiction is not lost by reason of that fact that the information was filed a few days after the date stated in the order. The part of the order limiting the time * * * could have been extended, in the discretion of the court, if an application therefor had been made."

There is no doubt but that an order extending the time, if made while the court retained jurisdiction under the first order, would have continued such jurisdiction. No application for extension was made. The original information was superseded and functus officio as soon as the demurrer was sustained. After the demurrer was sustained, it ceased to clothe the court with jurisdiction of the subject matter. Jurisdiction could be claimed and asserted only by and through proper continuous orders of the court.

In opposition to the contention of the appellant to the effect that the court retained jurisdiction, even though a demurrer to the original information was sustained, the State cites as authority the cases of In re Pierce, 8 Idaho 183, 67 P. 316, and State v. Bilboa, 38 Idaho 92, 213 P. 1025, and 222 P. 785. We fail to see where the foregoing cases are in point, for the reason that the amended informations were filed within the time limited by the courts' orders.

According to the record, it is made to show, "The Information was read to the jury and the defendant's plea stated." In support of the motion for a new trial is the affidavit of appellant, which recites, "that at no time did he enter any plea, as provided for by Section 19-1612, I.C.A., for 1932, or Section 19-1613, I.C.A., for the year 1932, either to the original information or the amended information. Defendant further says that he was never called upon to enter any plea, to either the original or the amended information; and that he never at any time refused to enter a plea, * * *."

It will be observed that Section 19-1613, I.C.A., supra, provides the form of each of the pleas named in Section 19-1612, I.C.A., supra, that must be entered upon the minutes of the court, or, at least, a substantial compliance therewith. It will likewise be observed that the minute entry, as above set out, does not designate any kind of plea, nor can it be determined therefrom which of the four kinds of pleas, if any, was made. The above-mentioned statutes are mandatory in form and have been adjudged as such by decisions of this court, as will presently appear.

We are not unmindful of the provisions of Section 19-2719, I.C.A., providing, in substance, that this court shall disregard "technical errors," nor Section 19-1319, I.C.A., relating to defects of form or imperfection in matter of form of informations (California has identical statutes). However, technical error or defects of form should not be permitted to supplant, nor substitute or supersede mandatory provisions.

From early history, this same question has been before the courts of California. In the case of People v. Corbett, 28 Cal. 328, 329, the question was squarely before the court, in which it is said:

"The respondent was tried and convicted of the crime of grand larceny. A new

trial was awarded on the ground that the defendant had never been arraigned, and had never pleaded nor had an opportunity to plead to the indictment.

"According to the record: 'The defendant being present in Court (December 31st, 1864,) Thomas Bestop, Esq., appearing for the District Attorney, the defendant was called by name by the Clerk, for arraignment; when the defendant was informed that he was indicted for the crime of grand larceny, under the names of James Corbett, and was asked if that was his real name, to which he answered, yes; when the said James Corbett stated that he was not then prepared to plead, owing to the absence of his counsel, Mr. Zabriskie; and the Court thereupon suggested to the defendant that he could plead not guilty and if his counsel desired at any time before the trial to withdraw the plea, he would be allowed to do so; and the said James Corbett still asked for further time to plead; whereupon his case was continued until January 4th, 1865.' It seems to be admitted that nothing was done on that day, and that the trial was the next step taken in the course of the proceedings. The trial occurred on the 16th of January. It appears that the defendant when brought into Court, accompanied by his counsel, moved for a separate trial, the indictment being against the defendant and two others. The motion was granted. Thereupon a jury was impanelled. Witnesses were introduced by the defendant. The case was argued by his counsel, and the jury, having been charged by the Court, after deliberation, returned a verdict of guilty.

"On this statement there was manifestly no arraignment. The indictment was not read to the defendant; a copy of it, with the indorsements, was neither delivered nor tendered to him; nor was he either then, or thereafter, asked whether he would plead guilty or not guilty to the indictment. (Wood's Dig. p. 291, Sec. 272.) * * * But neither the motion of defendant for a separate trial, nor the introduction of witnesses by him nor the fact that the case was argued on his behalf to the jury—nor did all of them combined—cure the want of a plea. There was not only no arraignment, but over and beyond that, there was no issue for the jury to try. Not only did the defendant not plead, but inasmuch as the statute opportunity for pleading was never extended to him he was never under any obligation to plead. A verdict, in a criminal case, where there has been neither arraignment nor plea, is a nullity, and no valid judgment can be rendered thereon. (Douglass v. State, 3 Wis. 830 [820]; 1 Whar. Sec. 530.) And so is a verdict rendered upon a plea put in by the attorney of a party indicted for a felonious assault with intent to rob. (McQuillen v. State, 8 Smedes & M. 587.) * * *

"Where either of the two are wanting, it is as fatal as though both were wanting. The presence of both is essential to an is-

sue, and where there is no issue an oath administered to the jury would impose no obligation, nor would false swearing on the part of witnesses amount to perjury. That a trial so conducted 'would tend to prejudice the defendant in respect to a substantial right' (Criminal Practice Act, Sec. 601) is too plain for argument."

In the case of People v. Gaines, 52 Cal. 479, 480, it is said:

"The record before us fails to show that the defendant was arraigned, or pleaded to the indictment; nor is there any suggestion by the Attorney-General of a diminution of the record, though his attention was called to that subject at the argument. * * *

"Sec. 1017 of the Penal Code provides that 'every plea must be oral and *entered upon the minutes of the Court* in substantially the following form,' etc.; and sec. 1207 provides that 'a copy of the minutes of the trial' shall constitute a part of the judgment-roll. In the absence of any showing to the contrary, it must be presumed that the minutes of the Clerk were correctly kept; but if they were not, they could only be corrected, if at all, by some appropriate proceeding in the Court below. On appeal, we must consider the minutes as we find them in the transcript, and cannot indulge the presumption that proceedings occurred at the trial which ought to have been, but were not, entered in the minutes. In order to ascertain whether the defendant was arraigned and pleaded to

the indictment, we can look only to the record before us; and if we find there no evidence of the fact, we must assume that it does not exist. * * *"

The California court then quoted with approval from Douglass v. State, 3 Wis. 820, in which it was held:

"The record in this case fails to show any issue which the jury was called upon to try. It is the business and duty of the prosecuting officer of the government, to move on the trial of criminal cases, and to see that the proper issue be made up. * * * a plea, an issue, is absolutely essential. Nor can we supply an issue corresponding to the verdict, when the record is entirely silent on the subject. * * * It would be a dangerous precedent to hold that the court could here supply an issue after verdict, or that the defendant had waived his right to a trial of an issue in which he himself had joined, when nothing appears upon the record to show that he had expressly waived such right."

It then follows in People v. Gaines (Cal.), supra:

"Until the defendant had pleaded to the indictment, there was no issue to be submitted to a jury, and the omission to plead is fatal to the judgment, even after verdict. (State v. Saunders, 53 Mo. 234; State v. Montgomery, 63 Mo. 296.)"

In the case of People v. Monaghan, 102 Cal. 229, 36 P. 511, 512, the question is discussed quite at length, and in which, among other things it is said:

"The record shows that the demurrers were finally submitted and December 28, 1892, it was ordered that the demurrer be overruled, and the cause continued to December 31, 1892, for defendant to plea. The record does not show that anything was done in the case on December 31st, but April 8th the cause was continued by consent to April 15th. No appearance is noted for April 15th, but on May 23d there is an entry in the clerk's minutes (after title of court and cause) in these words: 'May 23d for trial.' May 23d the defendant and his counsel were in court, and the trial commenced. A jury was impaneled, the indictment read to the jury, and a statement made to the jury by the clerk that a plea of not guilty had been entered. The trial then proceeded in due order—no objection being made on the ground that defendant had not pleaded to the indictment, but the defendant was tried in all respects as though the plea of not guilty had been entered."

Evidence upon such supposed issue was put in both by the people and by the defendant. The jury returned a verdict against the defendant. When the time arrived for passing judgment, objection was made that defendant had not been legally convicted. The defendant then made a motion in arrest of judgment, which was overruled and a motion for new trial was denied. "The sole question raised on this appeal relates to the legality of the trial and conviction of the defendant without a plea. The people do not controvert the main proposition,—that a plea is necessary before there can be a trial." It is urged that when the plea of not guilty was withdrawn to enable the defendant to demur to the indictment, it was naturally understood that when the defendant had had the benefit of his demurrer, the plea of not guilty would then stand as defendant's plea. Unfortunately for this argument, the record conclusively rebuts such presumption, if it could otherwise have been indulged, for it shows that upon the overruling of the demurrer, time was given the defendant to plead, and it shows that no one could have understood that there was already a plea of not guilty in the record. "I think it raises a presumption that defendant was not then prepared to plead not guilty. There were at least three other defensive pleas open to him."

This case cites a number of authorities, not only from California, but from other jurisdictions, and from a case in Louisiana, it is said:

" 'The absolute requirement of the law, that the accused must plead personally to the indictment on arraignment, cannot be cured by the fact that he was brought into court and tried without objection.' "

In the case of State v. Chambers, 9 Idaho 673, at page 678, 75 P. 274, 276, after a citation of numerous authorities, this court held the statute mandatory, and in passing upon the question, said:

"If it be necessary to take the plea in order to have an issue to try, it seems to us that it must logically and necessarily follow that the jury should be informed as to what the charge against the defendant is and the nature of his plea thereto. Under section 7780, Rev.St., an issue of fact arises in a criminal case upon the defendant entering any one of three separate and distinct pleas. It would therefore seem to reasonably follow that the jury should be informed both of the charge made against the defendant and the nature and character of the plea entered by him. But whatever the reason may be, the question is fully answered by the statute. The Legislature have seen fit to say that the indictment must be read and the plea stated to the jury, and in the face of this declaration by the lawmakers we are not prepared to say that its violation is immaterial and can be disregarded."

In the case of State v. Crea, 10 Idaho 88, at page 95, 76 P. 1013, 1015, this court said:

"It appears from the record that the information was not read to the jury and the plea of the defendant stated to them at the opening of the trial, and that omission is assigned as error. Section 7855 of the Revised Statutes of 1887 provides that: 'The jury having been impaneled and sworn, the trial must proceed in the following order: (1) If the indictment is for a felony, the clerk must read it and state the plea of the defendant to the jury. * * *'

"By the provisions of that section the Legislature has laid down the order of trial, in a criminal case, and it provides that after the jury has been impaneled, if the indictment be for a felony, the clerk must read it to the jury and state the plea of the defendant to them. Said provisions are too plain and obvious to require construction, and this court held, in State v. Chambers, [9 Idaho 673], 75 P. 274, 275, that said provisions were mandatory, and the omission to read the information and state the plea of the defendant to the jury was reversible error. The omission to read the information and state the plea of the defendant to the jury was gross carelessness on the part of the prosecuting officer, as a new trial must be granted, and much additional costs will be incurred in a retrial of this action."

The question might occur as to why more recent cases in the State of California have not announced the rule contained in the California cases heretofore cited. In 1911, Section 4½ of Article 6 was included within the Constitution of the State of California, and is as follows:

"No judgment shall be set aside, or new trial granted in any criminal case on the ground of misdirection of the jury or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless, after an ex-

amination of the entire cause including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice."

In the case of People v. Tomsky, 20 Cal. App. 672, 130 P. 184, the question as to the effect of the failure to read the information and state the plea of the defendant was under consideration, and it was there held that by reason of said constitutional amendment having wrought a marked and material change in the standpoint from which criminal cases must be considered and reviewed by the courts, and the California cases filed long before the adoption of said constitutional amendment could not be regarded as authority as far as the point involved in said case was concerned and which was a failure to state the plea of the defendant if it could justly and truly be said, after an examination of the whole record, that a miscarriage of justice did not follow the defendant's omission to enter a formal plea to the information. Idaho has no such constitutional provision, and in so far as we are able to find, there has been no change in this jurisdiction subsequent to the rendition of the decisions in the case of State v. Chambers, supra.

█ It has been shown that the minute entry states, "and the defendant's plea stated." The inquiry very properly arises: What was that plea? It cannot be determined. The failure to state the kind of plea is tantamount to no plea at all, even if the affidavit of defendant were never made. The statute, Sec. 19-1613, I.C.A., being mandatory, states the form of the plea that must be entered upon the minutes of the court. If the defendant pleads not guilty, the minute entry should recite: "The defendant pleads that he is not guilty of the offense charged," and a minute entry to the effect that the defendant's plea was stated does not advise the court nor the jury of what that plea is.

From the state of the record, we think appellant was entitled to a new trial. Accordingly, the judgment of conviction is reversed and the cause remanded with directions to the trial court to grant appellant a new trial.

PORTER, District Judge, concurs.

BUDGE, C. J., and AILSHIE, J., did not sit at the hearing or participate in the decision.

HOLDEN, Justice (concurring specially).

The record discloses the prosecuting attorney filed an information against appellant October 15, 1945; that December 3, 1945, appellant demurred to the information; that December 28, 1945, the trial court, by order sustained the demurrer and gave the prosecuting attorney until January 10, 1946, within which to file an amended information. By that order the trial court expressly required the prosecuting attorney

to file an amended information within a fixed period of time, to-wit, the period ending January 10, 1946, in case the prosecuting attorney desired to file an amended information. Notwithstanding the limit so expressly fixed by the order of the court, the prosecuting attorney, without making an application for an extension of time before the limit fixed by the court expired, waited until four days later to file an amended information. Either the order of the court meant that an amended information must be filed within the time fixed or it was "a mere scrap of paper," and did not mean anything. Here, no showing was made as to why the amended information was not filed within the required period of time. Surely, a prosecuting attorney cannot treat a solemn order of a court of general jurisdiction as a mere nullity, and file an amended information when it suits his convenience, without regard to the express mandate of the court, and without any showing whatever. The question is not presented here as to whether the trial court could have permitted the filing of the amended information, upon a sufficient showing, because no showing was made. But it is argued the court properly permitted the filing of the amended information, under the provisions of Section 19-1320, I.C.A. That section provides:

[Section 19-1320] "Amendment of indictment.—An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time

before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment can not be amended so as to charge an offense other than that for which the defendant has been held to answer."

That section has no application here because the amended information was not filed before the defendant pleaded to the original information, but afterward. And as above pointed out, no showing was made to invoke the discretion of the trial court. For these reasons I concur in reversing the judgment of conviction and remanding the cause for a new trial.

GIVENS, Justice (dissenting).

Appellant's affidavit that he did not plead, and was not called upon to do so or had no opportunity to plead, was filed after trial upon the merits and his conviction, and is sole basis for his assignment of error in this particular.

"Defendant further says that he was never called on to enter any plea, to either the original or the amended information; and that he never at any time refused to enter a plea, * * *."

The record of his own actions completely contradicts this statement. On December 3, 1945, the court minute recites the defendant waived the reading of the information and filed a motion to set aside and a demurrer to, the information. These con-

stituted pleading to the information. Title 19, Chapter 16, I.C.A.

The motion was denied and the demurrer sustained December 28, with leave to the prosecution to file an amended information on January 10, which was filed January 14, 1946. February 9, defendant filed a plea to the jurisdiction and a plea in bar contesting the amended information, which were formally denied May 15, 1946. Thereafter the case was set for trial on May 29 and the court minute of June 3 recites— "the information was read to the jury and defendant's plea stated," and he interposed no objection or exceptions thereto or question thereof and proceeded to trial upon the merits under the issue raised as by plea of not guilty. In re Bundy, 144 Kan. 64, 58 P.2d 80, significant as to waiver of time.

The holding that the amended information was not filed within the time set by the trial judge and, therefore, the court lost jurisdiction of the cause, ignores or nullifies Sec. 19-1320, I.C.A.[1]

The amended information alleged a specific date for the offense charged, and more detail as to the method of its commission. It did not change the nature of the charge and since the appellant had been arraigned upon the original information and had waived the reading thereof and interposed such plea as he desired, "it was not necessary, after the amendment, to arraign or permit him to plead thereto, as he insists." State v. Barr, 63 Idaho 59, at page 64, 117 P.2d 282, at page 284. It may be contended the Barr case had to do with the amendment of a criminal complaint in the district court on appeal from the justice's court. A criminal charge, however, on appeal to the district court stands as though—"commenced in that court in the first instance." State v. McNichols, 62 Idaho 616, at page 623, 115 P.2d 104, 107.

"That count was not changed by the amendment in question. The defendant was therefore not prejudiced by the amendment. At any stage of the proceedings in a criminal case the court may authorize an amendment of an information to be filed to supply any defect or insufficiency thereof, which does not result in charging an offense which is not disclosed by the evidence adduced at the preliminary examination, and when the substantial rights of the defendant are not thereby prejudiced." People v. Wright, 26 Cal.App.2d 197, 79 P.2d 102, at page 109.

"Appellant contends the court erred in overruling defendant's motion to strike the first amended information from the record.

---

[1] "An indictment or information may be amended by the prosecuting attorney without leave of the court, at any time before the defendant pleads, and at any time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An information or indictment can not be amended so as to charge an offense other than that for which the defendant has been held to answer." Sec. 19-1320, I.C.A.

He argues that after the state had failed to amend within the time permitted to amend there was nothing left to amend. The defective information had not been stricken from the files nor had the proceedings been dismissed. An amendment of substance as well as to form has been held permissible where it did not affect the substantial rights of the defendant. State v. Morris, 131 Kan. 282, 291 P. 742. The subsequent action of the court showed consent to have the information amended after expiration of the time originally granted. It is not shown that the allowance of the amendment in any way prejudiced the defendant in making his defense. The point is not well taken." State v. Barger, 148 Kan. 590, 83 P.2d 648, at page 651. Willis v. State, 60 Okl.Cr. 243, 63 P.2d 769.

State v. Groseclose, 67 Idaho 71, 171 P. 2d 863, 867, the only authority relied upon to support the proposition that the amended information not having been filed within the time specified, the court lost jurisdiction, ultimately held exactly to the contrary. In the first place, the order therein entered was that:

"* * * the plaintiff is hereby given ten days from and after the filing of this order in which to prepare said amended complaint and, *unless an amended complaint is so filed, said action shall* be dismissed." (Emphasis mine.)

The order herein was not so limited. On appeal, this court remanded the case with instructions to permit an amendment—

clearly recognizing the court had not lost jurisdiction, even though the amended information had not been filed within the time specified.

It is significant to note that Section 19-1320, I.C.A., taken verbatim from the first paragraph of Section 1008, Penal Code of California, contains only the first paragraph of the California statute; the second paragraph of the California statute, which we did not adopt, provides that:

"If a demurrer is sustained and an amendment is not allowed, or if allowed, is not made, *within such reasonable time as the court may fix, the court shall give a judgment of dismissal,* which shall be a bar to another prosecution for the same offense, * * *. (Emphasis mine.)

Under the well recognized rules of statutory construction, by not adopting this provision of the California Code, our legislature has clearly indicated that failure to file within the specified time does not authorize a judgment of dismissal and is not a bar.

With regard to appellant's contention that he never plead after the overruling of his pleas to the amended information, the statutes in effect entered the plea of not guilty for him and such plea was so stated to the jury. People v. Bowman, 81 Cal. 566, 22 P. 917.

"If the demurrer is disallowed, the court must permit the defendant at his election to plead, which he must do forthwith, or at such time as the court may direct. If he

does not plead, the plea of not guilty must be entered for him." Section 19-1610, I.C.A.

"If the defendant refuses to answer the indictment by demurrer or plea, a plea of not guilty must be entered." Section 19-1620, I.C.A.

The appellant did not at any time seek to interpose further or other pleas or objections to the amended information than he did interpose. Under the statutes, therefore, whether he plead or did not, or refused to plead, the plea of not guilty automatically resulted, and no error occurred.

"Prior to the introduction of any testimony, the court directed the clerk to read the complaint, which was accordingly done, and the clerk stated at the close of such reading, 'to which complaint defendant pleads not guilty.' Appellant moved that this statement of the clerk be stricken for the reason that appellant had entered no plea in that court and had never been arraigned, to which the court replied, 'When there has been no plea entered, the law directs that a plea of not guilty be entered, so the motion will be overruled,' and thereafter the trial of the cause proceeded in the usual manner. Upon this state of the record we are of the opinion that the first two assignments are without merit. It has been frequently held that in a trial upon a misdemeanor charge, a failure to give a defendant an opportunity to plead is not reversible error where the defendant proceeds to trial without raising the objection,

and under such circumstances he waives the privilege of pleading. In the instant case, when appellant raised the objection, the court in effect directed that a plea of not guilty be entered for him. See authorities cited to note in State v. Walton, 50 Or. 142, 91 P. 490, as found in 13 L.R.A., (N.S.), 811." State v. Ashby, 40 Idaho 1, at page 3, 230 P. 1013, 1014.

The majority rely upon State v. Chambers, 9 Idaho 673, 75 P. 274, and State v. Crea, 10 Idaho 88, 76 P. 1013, to support the proposition that the defendant's alleged failure to plead demands a reversal.

In State v. Chambers, supra [9 Idaho 673, 75 P. 275], the error complained of was founded upon the following statement contained in the bill of exceptions:

" 'Before the taking of testimony neither the clerk nor any other officer of the court read the information to the jury or informed it of the plea of defendant thereto, and the same was not done at any time.' "

The court, following among others, People v. Monaghan, 102 Cal. 229, 36 P. 511, also relied on by the majority, held this was reversible error. In State v. Crea, supra [10 Idaho 88, 76 P. 1015], the court said:

"The omission to read the information and state the plea of the defendant to the jury was gross carelessness on the part of the prosecuting officer, as a new trial must be granted. * * *."

Considering these two cases as applied to the situation we have here, the court

in State v. Lancaster, 10 Idaho 410, 78 P. 1081, 1082, distinguished and held them inapplicable thus:

" 'That, as soon as the jury were sworn and impaneled in the said cause, the clerk of said court, under the direction of the court, read to the jury the information in the said cause, and immediately thereafter stated to the jury that the defendant pleaded not guilty.' Also, in the first instruction given to the jury by the court, the court there states that the 'defendant pleads not guilty' to the information. For that reason the case of State v. Chambers, [9] (Idaho) [673], 75 P. 274, is not in point, as in that case there was no showing whatever that the plea was stated to the jury, and it was admitted that the plea was not stated to the jury."

Herein the minutes recite that: "The information was read to the jury and the defendant's plea stated." Likewise, Instruction No. 1 stated: " * * * the defendant has heretofore entered his plea of not guilty." Therefore, under the construction of State v. Chambers, supra, contained in State v. Lancaster, supra, there was no error herein.

Again, in State v. Lottridge, 29 Idaho 53, 155 P. 487, 488, and overruling appellant's contention that the record being silent as to whether a plea had been entered, the presumption would be that no plea had been entered, the court said: ·

"In this case the record is silent as to whether or not the information was read and the plea stated, so the Arizona case [Territory v. Hargrave, 1 Ariz. 95, 25 P. 475], above referred to, is not directly in point, while in the Crea case, above cited, the record affirmatively showed that the information was *not* read, and the plea of the defendant was *not* stated to the jury, so that case is not in point." (Emphasis mine.)

Continuing:

" 'All the presumptions are in favor of the regularity of the proceedings of courts of record. In the absence of any showing to establish the fact whether the court did or did not comply with these requirements of law, the presumption of law will at once arise that the court complied therewith and discharged every duty the statute imposed upon it in the trial of the case.' "

It is contended, however, that herein there is affirmative showing by the affidavit of appellant that he did not plead, but he does not state that the information was not read or his plea stated, or that the court had not instructed the jury he had plead not guilty. Continuing in the Lottridge case, the court stated:

"While section 7855, supra, (now Sec. 19-2001, I.C.A.), requires the indictment or information in a felony case to be read and the plea to be stated to the jury, there is no statute expressly requiring a record to be kept of it and, in the absence of a specific statutory requirement directing that such fact be recorded, the presumption is, when the record is silent upon the point,

that the proceedings were regular, and that the law was complied with."

However, herein the record is not silent, but affirmatively shows the information was read, the plea stated and reiterated in the instructions; thus, as declared in State v. Lancaster, supra, our latest previous pronouncement on this point, obviating any error.

The burden of showing prejudicial error is on the party complaining of error. State v. Mundell, 66 Idaho 297, 158 P.2d 818, at page 825. Herein, nowhere in the record does appellant show there was any prejudice resulting by reason of the filing of the amended complaint four days late, or the trial of the case on the merits, on appellant's recited plea, which was conducted in all particulars as though every formality connected with a plea of not guilty was shown in the record.

The judgment should be affirmed.

